JAMES C. WHITNEY, Respondent, *v.* BLACK RIVER INSURANCE COMPANY, Appellant.

A condition in a policy of fire insurance avoiding it in case the premises become " vacant and unoccupied," is to be construed in view of the situation and character of the property insured, and the ordinary incidents and contingencies affecting the use to which it and other property of like character similarly situated is subject.

So, where the insurance is upon a saw-mill run by water-power, delays and interruptions incident to that business, such as low water, diminished custom, or derangement of machinery causing a temporary discontinuance of the active use of the mill, do not come within the terms of the condition.

A policy issued by defendant upon plaintiff's saw-mill and machinery contained such condition. By the breaking of a journal the last of February, 1873, a gang of saws were rendered temporarily useless, and the condition of the water making it difficult, repairs were not made ; the other saws continued to run until the last of March, when the sawyer left. He returned the first week in April, did some sawing, and some sawing was done the last of April. A fire occurred May sixteenth. No sawing had been done for sixteen or eighteen days before. There were logs in the mill-yard and elsewhere, which plaintiff intended to saw ; and lumber was kept in the yard and mill, from which sales were made — the last one the day before the fire. *Held,* that the evidence justified a finding that the mill had not become "vacant and unoccupied " within the meaning of the policy.

The policy also contained a condition avoiding it in case the premises "shall be occupied or used so as to increase the risk." At the time of the insurance there was a planer in the mill, which was used occasionally to plane lumber cut in the mill. This use was continued after the policy was issued. *Held,* that this did not forfeit the policy ; that the condition only prohibited a new and different use from that to which the property was applied when the policy was issued, by which the risk is increased.

Also, *held,* that, in the absence of fraud or concealment, it was immaterial that defendant did not know of the use of the planer when the policy was issued.

(Argued October 14, 1877 ; decided January 15, 1878.)

APPEAL from a judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff entered upon a verdict. (Reported below, 9 Hun, 37.)

This action was brought upon a policy of fire insurance issued by defendant. The defense was an alleged forfeiture of the policy by violation of conditions therein.

The facts sufficiently appear in the opinion.

*James F. Starbuck* for appellant. The premises insured having become "vacant and unoccupied," under the provisions of the policy, it was rendered void. (*Keith* v. *Q. F. Ins. Co.,* 10 Al., 228; *Paine* v. *Ag. Ins. Co.,* 5 N. Y. S. C. R., 619; *Harrison* v. *City F. Ins. Co.,* 9 Al., 231; 15 Wisc., 138.) The fact that there was a planer used on the premises increased the risk and rendered the policy void. (*Webber* v. *E. R. Co.,* 2 Met., 147; *Merbry* v. *M. Ins. Co.,* 5 Gray, 541; *Lyman* v. *State Ins. Co.,* 14 Al., 329; May on Ins., §§ 218, 223, 224, 582; *Merriam* v. *M. Ins. Co.,* 19 Pick., 162; *Wood* v. *N. Ins. Co.,* 3 Seld., 530; *Wall* v. *E. R. M. Ins. Co.,* id. 370; *Hobby* v. *Dacey,* 17 Barb., 111; *Smith* v. *H. M. & T. F. Ins. Co.,* 32 N. Y., 399; *Jennings* v. *Ch. M. Ins. Co.,* 2 Den., 751, 8 Alb. L. J., 308; *Appleby* v. *F. H. Ins. Co.,* 45 Barb., 459; *Glen* v. *Lewis,* W. H. & G. [Exch.], 607; *Rice* v. *Flower,* 1 Gray [Mass.], 426; *Lockner* v. *Home Ins. Co.,* 4 Ohio, 285; *Fire Ass'n.* v. *William-*

*son*, 26 Penn., 196; *Howe* v. *Balt. Eq. Ins. Co.*, 16 Ind., 377; *Curry* v. *Com. Ins. Co.*, 10 Pick., 535; *Stetson* v. *Mass. M. Ins. Co.*, 4 Mass., 330; *Johres Mfg. Co.* v. *Mig. M. Ins. Co.*, 8 Conn., 82; *Schenck* v. *Ur. M. Ins. Co.*, 4 Zab. [N. J.], 447; *Parmler* v. *Hoff. F. Ins. Co.*, 54 N. Y., 193; *Celt* v. *Phœ. Ins. Co.*, id. 595.)

*Leslie W. Russell*, for respondent. The risk was not increased by the use of the planer in the mill. (*Rohrback* v. *Ger. Ins. Co.*, 62 N. Y., 61; *Burr* v. *Bd'way Ins. Co.*, 16 id., 267; *Yonkers, etc., Ins. Co.* v. *Hoff. Ins. Co.*, 6 Rob., 316; *Smith* v. *M. & T. Ins. Co.*, 32 N. Y., 399; 2 Pars. on Con., 325, 423; *Jeff. Co. Ins. Co.* v. *Cotheal*, 7 Wend., 73; Phil. on Ins., 112; *Gates* v. *Mad. Co. Ins. Co.*, 5 N. Y., 469; *Reynolds* v. *Comm. Ins. Co.*, 47 id., 604; *Benedict* v. *Ocean Ins. Co.*, 1 Daly, 8; 31 N. Y., 389; *Mayer* v. *Exch. Ins. Co.*, 3 Abb. Ct. App. Dec., 269; *Leslie* v. *Knick. Ins. Co.*, 5 N. Y. S. C., 193; *Van Schaick* v. *Nia. Ins. Co.*, 5 Wkly. Dig., 10; *Bidwell* v. *N. W. Ins. Co.*, 24 N. Y., 302; *Bowman* v. *Ag. Ins. Co.*, 59 id., 521; *Parmelee* v. *H. F. Ins. Co.*, 54 id., 90; *Buchanan* v. *Ex. F. Ins. Co.*, 61 id., 26.) The premises were not vacant or unoccupied within the provisions of the policy. (*Sherman* v. *Nia. Ins. Co.*, 46 N. Y., 533; 2 Pars. on Con., 329.)

ANDREWS, J.   The insurance was upon the plaintiff's saw-mill, gang, water-power, and on his fixed and movable machinery, mill-tools and implements contained and used in the mill; and among the several pages of printed conditions and stipulations in the policy, is a condition that if the premises become " vacant and unoccupied," the policy shall be void. It is quite obvious that the parties did not intend by this provision that the saw-mill should be inhabited, or that any person should remain in it so as to watch and guard it against fires, in order that the plaintiff should have the protection of the policy. The saw-mill, when the policy was issued, was used during the day, and was left open night

and day as saw-mills usually are.   The plaintiff lived near it, and the mill had such oversight as under such circumstances he could give it.   The saw-mill was not intended as a domicile, and the meaning of this condition, when used in a policy upon a dwelling-house, may be quite different from its meaning when applied to a saw-mill.  The condition against vacancy, although designed mainly for cases where the building insured is used as a habitation, is, however, found in the policy, and effect is to be given to it.   But it is to be construed in view of the situation and character of the property insured, and the contingencies affecting its use, to which this and other property of like character, similarly situated, is subject.   The description in the policy shows that the defendant knew that the mill was operated by water-power, and as it was a saw-mill the insurer must be presumed to have known that saw-mills are or may be used as well for custom work as for sawing the logs of the owner; and as machinery was used for the operation of the mill, the fact that it was liable to break down and need repairs, must also have been within the contemplation of the parties when the policy was issued.   The interruptions of the business and the discontinuance of the active use of the saw-mill by reason of low water, diminished custom or derangement of the machinery if held to be a violation of the condition, and to create a vacancy and non-occupation of the building within the true meaning of the condition, would greatly impair the value of the contract as a contract of indemnity, and the result would be, that the contract would be deemed forfeited by the happening of events which might reasonably have been anticipated, and which were among the common incidents of the business carried on, on the insured premises.

We do not think this would be a reasonable construction of the contract.   Delays and interruptions incident to the business of conducting a saw-mill, although involving a temporary discontinuance of the active use of the mill for sawing purposes, would not, we think, make the mill "vacant and unoccupied" within the meaning of the policy.   Take

the case of the insurance of a church building or school-house, or cider-mill. Would the fact that the church was closed for six days consecutively each week be a violation of the condition in question, or would the school-house in vacation time, or the cider-mill, when no apples were to be had, be without the protection of the policy? These illustrations serve to show that the condition against vacancy and non-occupation is to be construed and applied in view of the subject-matter of the contract, and of the ordinary incidents attending the use of the insured property.

The referee finds that the plaintiff's mill was not vacant and unoccupied at or before the fire, and this finding is conclusive, unless upon the uncontroverted facts a vacancy and non-occupation was established. We think the finding of the referee upon this question cannot be disturbed. The breaking of the journal the last of February, 1873, rendered the gang of saws temporarily useless, and the condition of the water making it difficult at that time to repair the journal, the repairs were not made. But the other saws continued to run without interruption to the last of March, when the sawyer who had been employed by the plaintiff left. He returned the first week in April, and did some sawing, and no more sawing was done until the last of April or first of May, when several hundred feet of lumber were sawed, and some planing was done. The fire occurred on the sixteenth of May, and no sawing had been done for sixteen or eighteen days before. But there were logs in the mill-yard and elsewhere, which the plaintiff intended to saw at the mill. There was lumber piled in the yard, and a small quantity was kept in the mill up to the time of the fire from which, from time to time, small sales were made — the last one the day before the fire. The evidence would not have justified the finding that the plaintiff had abandoned, or intended to abandon the use of the mill. There was no error therefore in the finding of the referee, that the mill did not become vacant and unoccupied within the meaning of the policy.

The policy also contains a condition that it shall be void,

if the insured premises " shall be occupied or used so as to increase the risk," without the consent of the company. There was, at the time of the insurance, a planer in the mill, which was used from time to time in planing lumber cut at the mill, and this occasional use was continued after the policy was issued. It is claimed that this was an increase of the risk within the covenant. It is a conclusive answer to this position, that the covenant only prohibits a new and different use of the property from that to which it was applied when the policy was issued, by which the risk is increased. The continuation of an existing use, in the absence of warranty against such use or fraudulent representation or concealment, neither of which is alleged in the answer, is not a violation of the contract, and it is not material that the company did not know that the planer was used when the policy was issued. We have examined the exceptions to the admission and rejection of evidence, and find no error in the rulings of the referee.

The judgment should be affirmed.

All concur.

Judgment affirmed.