JOHN M. CORLIES, PLAINTIFF, v. WESTCHESTER FIRE INSURANCE COMPANY, A BODY CORPORATE, DEFENDANT.

Submitted March 27, 1918—Decided August 15, 1918.

1. Where a fire insurance policy, written in standard form, as required by the laws of this state, has annexed thereto a "Farm Form," containing a provision inconsistent with the provisions of the standard form, such inconsistent provisions must be treated as a nullity.

2. In order to occupy a barn, within the meaning of a fire insurance policy, it does not require the insured to live or sleep therein. It is sufficient compliance with the terms of the policy if the property insured is put to the use contemplated by the parties, as expressed in the contract of insurance.

3. A court will seek a construction of a forfeiture clause in a fire insurance policy which will sustain it, even though a construction which will defeat it is reasonably deducible from the terms or words used therein.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the rule, *Arthur T. Vanderbilt.*

*Contra, Alston Beekman.*

The opinion of the court was delivered by

KALISCH, J.    The plaintiff in an action brought against the defendant, on a contract of fire insurance, recovered a verdict of $1,000.    Counsel of defendant, on a rule to show cause allowed, presents three reasons on which he relies for making the rule absolute.    The first two reasons relate to the refusal of the trial judge to grant a nonsuit, and, at the close of the case, to direct a verdict for defendant.    The third reason is based upon an alleged error in that portion of the judge's charge, where he instructed the jury, as follows: "If the dwelling be or became vacant or unoccupied, except in accordance with the conditions of this policy, the entire policy is void," was without force or effect.

The agreed facts are, that the defendant company issued to the plaintiff a policy of insurance for a period of three years, for the sum of $1,000, upon the plaintiff's barn, for which the latter paid defendant company a premium of $20; that the barn was destroyed by fire and that the verdict of the jury for the amount of the policy was proper, if the plaintiff was entitled to recover at all under the terms of the policy.

Upon the premises, where the barn stood, was a dwelling about three hundred yards distant from the barn, which dwelling had been for more than ten days previous to, and was at the time of the fire unoccupied.

The policy, which was of the standard form, as required by the laws of this state, had pasted upon its face a special form of policy, partly printed and partly typewritten, with the caption, "Farm Form." Upon this form, among other paragraphs of insurable risks, upon which there was no insurance taken, there appears this paragraph: "$1,000—on Barn No. on Diagram, including sheds and additions attached," with a statement at the bottom of the schedule of insurable risks, of the following: "$1,000 Total Insurance." Then follows this declaration, "All situated on the farm owned by assured while occupied by             in the Township of Middletown, County of Monmouth, State of New Jersey." This "Farm Form" contains the following condition: "If . the dwelling be or becomes vacant or unoccupied, except in accordance with the conditions of this policy, the entire policy is void." .

It is important to mention here that none of the above recited conditions is to be found in the standard form policy. The latter contains this provision: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if................a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied and so remain for ten days."

The act of 1912, amendatory of the act of 1902, entitled "An act to provide for the regulation and incorporation of insurance companies and to regulate the transaction of insurance in this state" (*Comp. Stat., p.* 2862), by section 77, *placitum* 3, among other things, provides: ' "Any policy issued contrary to the provisions of this section shall nevertheless be binding upon the company issuing the same."

On the one hand it is insisted by counsel of defendant that because it is an admitted fact that the dwelling situate on the farm was vacant for more than ten days before the barn burned down, therefore, according to the condition of the "Farm Form" the entire policy became void; and, on the other hand, it is contended, by counsel of plaintiff, that the condition of the standard policy must control the contract

between the parties, because, firstly, it is the only authorized form of fire insurance policy, under the laws of this state, and, secondly, because the standard policy expressly declares that the entire policy shall be void, only when, if a building, described therein, whether intended for occupancy by owner or tenant, be or became vacant or unoccupied, and so remain for ten days, and that the word "building" can only reasonably refer to the barn, since that was the only building described in the policy and upon which the defendant took the insurance risk.

Before taking up the consideration of the question presented it is important to observe that *placitum* 2 of section 77, *supra,* provides that the standard policy shall contain printed or written forms of description and specifications, or schedule of the property covered by any particular policy, and any other matter necessary to clearly express all the facts and conditions of insurance or any particular risk, which facts or conditions shall in no case be inconsistent with, or a waiver of, any of the provisions or conditions of the standard policy provided for by the act, may be written upon or attached or appended to any policy issued on property in this state.

What the effect of this provision is leads to the inquiry whether or not the facts or conditions imposed by the "Farm Form" are inconsistent with, or a waiver of, any of the provisions or conditions of the standard policy, for if this should prove to be the case, then such provisions or conditions, of the "Farm Form," as are inconsistent or a waiver, must be treated as a nullity. Is, therefore, the provision in the "Farm Form," "If the dwelling be or becomes vacant or unoccupied, except in accordance with the conditions of this policy, the entire policy is void," inconsistent with or a waiver of the provision or condition of the standard policy, which provides that the entire policy, unless otherwise provided by agreement indorsed thereon or added thereto, shall be void, if a building, therein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied, and so remain for ten days?

Now, it is to be observed, that the standard policy expressly provides, that the building insured and described in the policy must become vacant or unoccupied and remain so for ten days in order to render the policy void. Reverting to the "Farm Form," we find the property insured and described as a barn, including sheds and additions attached. No dwelling-house is described or made part of the insurance risk. If the forfeiture clause in the "Farm Form" is to take effect in case the dwelling is occupied and the barn not, then it is plain that such a clause is inconsistent with the forfeiture clause of the standard policy which requires that the building described in the policy shall become vacant or unoccupied in order that the forfeiture clause shall take effect. It is true that the word "building" is a generic term and includes within its meaning a dwelling. The use to which a building is put gives it an appellation, characterizing such use. In this instance the building was used as a barn. For the purpose of ascertaining to what kind of a building the forfeiture clause in the standard policy referred, we must turn to the description of the property in the policy, and there we find it described as a barn.

It is next argued, by counsel of defendant, that the barn was vacant and unoccupied and had remained so for ten days previous to the day of the fire, and, therefore, there should have been a direction of a verdict for the defendant. Of course, the occupation of a barn necessarily and radically differs from a dwelling-house. In order to occupy a barn within the meaning of the policy it does not require the insured to live or sleep in it. It is a sufficient compliance with the terms of the policy if the property insured is put to the use contemplated by the parties, as expressed in the contract of insurance. *Hampton* v. *Hartford Fire Insurance Co.,* 65 *N. J. L.* 265, 267; 47 *Atl. Rep.* 433; 52 *L. R. A.* 344.

Courts are averse to forfeitures. They frown upon them. A court will seek a construction of a forfeiture clause in a policy which will sustain it, even though a construction which will defeat it is reasonably deducible from the terms or words used to express it. *Hampton* v. *Hartford Insurance Co., supra*

(at *p.* 267): *Snyder* v. *Insurance Company,* 59 *N. J. L.* 544; *Graham et al.* v. *Security Insurance Co.,* 72 *Id.* 298; *Harris* v. *American Casualty Co.,* 83 *Id.* 641; *Bohles* v. *Prudential Insurance Co.,* 84 *Id.* 315.

At any rate this much is clear, that the condition in the "Farm Form" and the one in standard policy, relating to the forfeiture tend to create, at least, an ambiguity, and, therefore, a construction, which will avoid a forfeiture will be adopted.

In *Snyder* v. *Insurance Company, supra,* Mr. Justice Depue (at *p.* 550), in delivering the opinion of the Court of Errors and Appeals, aptly said: "Policies of insurance against fire are taken out by all classes of persons, educated and uneducated, and no rule of law is more salutary that the conditions in these instruments, expressed in terms ambiguous and capable of misleading shall not be allowed to avoid the contract."

An examination of the evidence amply tends to establish that the barn was not vacant but occupied at and previous to the time of the fire; that the plaintiff kept his horses there up to three weeks before the fire, and that at the time of the fire the plaintiff had carts, wagons, farming implements and other property there, and which had been made use of almost daily up to the time of the fire; that a man named Fenton, who rented of the plaintiff, visited the barn frequently within two or three days of the fire, and once on the day of the fire to get one of his farming implements, which he kept there.

We think from the use that was made of the barn, the jury was warranted in finding that the barn was occupied before and up to the time of the fire.

The rule to show cause is discharged, with costs.