BARBARA COUTU, Respondent, v EXCHANGE INSURANCE COM-
PANY, Appellant, and ROBERT E. BAUER, Individually and
Doing Business as ROBERT BAUER INSURANCE AGENCY,
Respondent.

Third Department, January 30, 1992

### APPEARANCES OF COUNSEL

*Bouck, Holloway, Kiernan & Casey (Kevin F. Peartree* of counsel), for appellant.

*Donald Zee, P. C. (Gregory S. Lesko* of counsel), for Barbara Coutu, respondent.

*Pemberton & Briggs (James L. Pemberton* of counsel), for Robert E. Bauer, respondent.

### OPINION OF THE COURT

CASEY, J.

In her first cause of action, plaintiff seeks to recover on the policy of insurance she held with defendant Exchange Insurance Company which was issued through defendant Robert E. Bauer (doing business as Robert Bauer Insurance Agency). The policy provided coverage for various named perils in the amount of $200,000 with respect to the building which plaintiff owned and $25,000 with respect to its contents. The building consists of a restaurant and an apartment. The restaurant was operated by plaintiff's sons, Anthony and Louis, who lived in the apartment.

When the restaurant ceased doing business on May 15, 1988, Louis moved out. Although the exact date is uncertain, it is generally agreed that Anthony moved out of the apartment at the end of July 1988. When he departed, Anthony left personal belongings at the apartment and stayed there occasionally until late January 1989. After that, he inspected the

premises from time to time. The premises were put up for sale and because they were not sold when the policy of insurance was due to expire, the insurance policy was renewed on or about February 1, 1989. Whether Bauer knew that the premises were not being lived in on a daily basis at that time is disputed. On or about March 9, 1989, trespassers broke into the building and vandalized the restaurant and the apartment in the approximate amount of $42,447.52. Plaintiff made a claim for the damages under the policy. Exchange denied coverage under an exclusion which relevantly excludes coverage for damage to the building caused by "vandalism, malicious mischief, theft or attempted theft, if the building had been *vacant or unoccupied* beyond a period of 30 consecutive days immediately preceding the loss" (emphasis supplied). The policy defines vacant or vacancy as "containing no contents pertaining to operations or activities customary to occupancy of the building". The policy does not define unoccupied or unoccupancy.

When her claim was denied, plaintiff commenced suit on the policy for damages done to the building and its fixtures and to the personal property contained therein. In her second cause of action, plaintiff alleges alternatively that Bauer, as insurance agent of Exchange, was negligent in failing to procure or extend the insurance contract until the date of the closing on the pending sale of the property when he knew that the restaurant was not being operated and that the building was not occupied on a daily basis. After issue was joined and examinations before trial were held, Exchange moved for summary judgment based on the "vacant or unoccupied" exclusion. Exchange also claimed that some of the damage was caused by frozen pipes which was specifically excluded in the policy.

■ Concluding that the premises were not "vacant" under the terms of the policy and that there was an issue of fact as to what damage was caused by frozen pipes, Supreme Court denied Exchange's motion for summary judgment. In our view, Exchange's motion for summary judgment should have been at least partially granted. Because the words "vacant or unoccupied" are stated in the disjunctive, the words must be separately considered and either word if supported by a proper showing will trigger the exclusion *(compare, Halloran v Fireman's Fund Ins. Co.,* 112 AD2d 734, 737-738, *affd* 66 NY2d 828, *with Technicon Elecs. Corp. v American Home Assur. Co.,* 74 NY2d 66, 75). Supreme Court found only that the premises

were not "vacant". We agree with Exchange that Supreme Court considered only one aspect of the exclusion and erred by not also considering the "unoccupied" part of the exclusion. Although the word "unoccupied" is not defined in the policy, the word must be considered in its ordinarily accepted meaning. The use of the building for storage would not create occupancy. It is the regular presence of inhabitants that makes occupancy *(Page v Nationwide Mut. Fire Ins. Co.,* 15 AD2d 306, 307). There has been no showing here of any "occupancy" of the building within the crucial 30-day period and, therefore, the "unoccupancy" part of the exclusion is clearly applicable.

Plaintiff argues that the policy contains a provision which expressly permits the premises to be vacant or unoccupied, but it is clear from the terms of the policy that this permission is inapplicable when loss is caused by vandalism or malicious mischief. The "vacant or unoccupied" exclusion, however, appears only in form MP 00 13 of the policy, which applies only to the building and its fixtures. That portion of plaintiff's first cause of action that applies to damage to personal property remains unaffected by the exclusion. This claim for personal property damages in the amount of $5,278.84, therefore, remains a viable claim. The order of Supreme Court denying summary judgment to Exchange must be modified accordingly.

■ With respect to plaintiff's second cause of action, which alleges that Bauer, individually and as an authorized agent of Exchange, was negligent in failing to properly procure or extend the insurance contract, it remains to be decided as an issue of fact *(see, Gleason v Temple Hill Assocs.,* 159 AD2d 682, 683). If the damages sought by plaintiff resulted from the failure of plaintiff's son to winterize the heating system when he left, which caused the radiators to freeze and leak, as alleged by Exchange, another exclusion in the policy would be applicable. However, that issue must also await factual determination inasmuch as there has been no effort to separate the damage caused by the vandalism from the damage caused by the frozen radiators.

MERCURE, J. P., MAHONEY and HARVEY, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant Exchange Insurance Company's motion regarding that part of

plaintiff's first cause of action which seeks recovery in the amount of $37,168.68 for damages to the building and its fixtures; motion granted to that extent, partial summary judgment awarded to said defendant and said claim dismissed against it; and, as so modified, affirmed.