■ MICHAEL LAMOUREUX, Respondent, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant. [663 NYS2d 914] —Mercure, J. Appeal from an order of the Supreme Court (Best, J.), entered February 27, 1997 in Montgomery County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff is the owner of a one-family residence (hereinafter the premises) located behind his primary residence on West Grand Street in the Village of Palatine Bridge, Montgomery County. After his tenant moved out in April 1994, plaintiff began renovating the premises. In August 1994, the premises were destroyed by fire while insured under a policy of fire insurance issued by defendant. Plaintiff immediately notified defendant of the loss and defendant, in turn, denied coverage based upon a policy exclusion involving property which had remained vacant for more than 60 consecutive days. Plaintiff thereafter commenced this action against defendant for breach of the insurance agreement. Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion and this appeal by defendant ensued.

The policy provision relied upon by defendant states, in pertinent part, as follows:

"C. We do not cover: * * *

"7. loss occurring while the building has been vacant beyond 60 consecutive days.

"Unoccupied means not being lived in but personal property has not been removed. The building shall be considered vacant and not unoccupied when the occupants have moved, leaving the building empty except for limited personal property."

Plaintiff concedes that his tenant had moved out of the premises more than three months before the fire, but maintains that the premises were not vacant because he was personally renovating the premises at the time of the fire and "was inside the insured building almost every day for a couple of hours at a stretch". He also relies on the fact that, even after the tenant moved out, personal property consisting of a few appliances and a couch, chair and radio remained in the premises.

Giving the word "vacant" its plain and ordinary meaning, we find plaintiff's argument to be without merit (*see, Harrigan v Liberty Mut. Fire Ins. Co.*, 170 AD2d 930, 932). Since plaintiff himself was never an inhabitant of the premises, the fact that he frequented the premises for the purpose of renovation is not germane to the issue of vacancy. Likewise, the presence of a few appliances and pieces of furniture in the premises is also not persuasive given plaintiff's testimony that the tenant removed all of his own personal property at the time of his move. Inasmuch as there is no ambiguity in the policy provisions, we find on the record before us that the premises were vacant within the meaning of the policy exclusion (*see, McLeod & Henry Co. v Employers' Fire Ins. Co.*, 46 AD2d 242). Accordingly, defendant's motion must be granted.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.