■ 438 MANHATTAN AVENUE, INC., Respondent, v INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, Appellant. [673 NYS2d 687] —Judgment, Supreme Court, New York County (Carol Huff, J.), entered April 10, 1997, awarding plaintiff the principal amount of $700,000, and bringing up for review (1) an order of the same court (Emily Goodman, J.), entered December 8, 1994, which, in relevant part, denied defendant's motion for summary judgment dismissing the complaint, (2) an order of the same court (Emily Goodman, J.), entered January 17, 1997, which, in relevant part, granted plaintiff's cross motion for partial summary judgment on liability, and (3) an order of the same court (Carol Huff, J.), entered on or about March 13, 1997, which granted plaintiff's motion for judgment as a matter of law pursuant to CPLR 3212 and 4401 and directed judgment in principal amount of $700,000; and order, same court (Carol Huff, J.), entered on or about June 24, 1997, which granted defendant's motion for renewal of plaintiff's motion for summary judgment, and on renewal, adhered to the court's original determination, unanimously affirmed, without costs.

Although defendant insurer made a sufficient showing that the insured premises had at the time of plaintiff's loss been "vacant or unoccupied beyond a period of sixty consecutive days" and, having established that circumstance, concomitantly made out a prima facie case for the applicability of the exclusion upon which it premised its disclaimer of coverage (*see, Northville Indus. Corp. v National Union Fire Ins. Co.*, 89 NY2d 621, 634), plaintiff, in response, made a sufficient demonstration that the subject premises, while vacant, were in the "course of renovation" and hence, that the subject policy's

exception to that exclusion premised upon an ongoing "course of renovation" applied (*see, supra*). The grant of plaintiff's motion for partial summary judgment as to liability was therefore proper. With regard to damages, we agree with the IAS Court that the insurer was barred from asserting policy language limiting replacement cost by its refusal letter repudiating the policy (*see, Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn.*, 63 NY2d 201, 217) and by its failure to raise the issue promptly (*cf., Harrington v Amica Mut. Ins. Co.*, 223 AD2d 222, 224, *lv denied* 89 NY2d 808). We have considered defendant's remaining arguments and find them to be without merit. Concur—Ellerin, J. P., Nardelli, Rubin, Andrias and Saxe, JJ.