■ Fouzy Nagi, Appellant, v New York Property Insurance Underwriting Association, Respondent. [689 NYS2d 573] —Order unanimously reversed on the law without costs, motion denied and complaint reinstated. Memorandum: Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint in this action to recover insurance proceeds for property damaged by fire. The court properly determined that defendant established that the insured premises, a building comprised of three apartments and a store front, was vacant or unoccupied for 60 consecutive days before the fire, thereby excluding coverage pursuant to the policy terms. Plaintiff, however, raised a question of fact whether the renovation of the store front rendered the building unoccupied due to circumstances that were usual or incidental to the described occupancy, in which case the loss would be covered (*cf., Lamoureux v New York Cent. Mut. Fire Ins. Co.,* 244 AD2d 645).

We note that, contrary to plaintiff's contention, defendant's motion was not untimely. The note of issue was filed before the effective date of the amendment to CPLR 3212 (a), which requires that a motion for summary judgment be made no later than 120 days after the filing of the note of issue. (Appeal from Order of Supreme Court, Erie County, Sconiers, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Callahan, JJ.