■ WANDA CONTRERAS, Appellant, v MOSHE KLEIN et al., Respondents. [792 NYS2d 633]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated May 7, 2004, as denied that branch of her motion which was for summary judgment on her cause of action for specific performance.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff and the defendant Moshe Klein executed a contract to sell to the plaintiff certain real property in Brooklyn owned by the defendant B.Q.E. Realty Corp. After the parties failed to close on the date provided in the contract, by letter dated June 26, 2002, the defendants scheduled the closing on July 24, 2002, and made time of the essence.

It is undisputed that the plaintiff did not appear for the closing on that date; however, according to the plaintiff, the parties "actually arranged to close . . . on July 19, 2002" but the defendant Klein "couldn't perform at his end and deliver good title." It was not until January 7, 2003, that the plaintiff sent the defendants a letter demanding that the closing take place by January 31, 2003. No closing took place.

The plaintiff commenced this action, inter alia, for specific performance of the contract of sale, and subsequently moved for summary judgment on her cause of action for specific performance. The Supreme Court denied the motion. We affirm.

As the moving party the plaintiff was required to tender evidentiary proof in admissible form sufficient to warrant judgment in her favor as a matter of law (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). The plaintiff was required to establish that she appeared for the closing and that she was ready, willing, and able to perform on the law day (see Nuzzi Family Ltd. Liab. Co. v Nature Conservancy, 304 AD2d 631, 632

[2003]; *Ferrone v Tupper*, 304 AD2d 524, 525 [2003]; *Zelmanovitch v Ramos*, 299 AD2d 353, 354 [2002]). The plaintiff relied upon documents from the file of the attorney who represented the lending institution to establish that the actual closing date was July 19, 2002, and that she therefore was not in default for having failed to appear on July 24, 2002. However, as the plaintiff did not establish a sufficient foundation for the admissibility of the documents as a business record (*see* CPLR 4518; *Speirs v Not Fade Away Tie Dye Co.*, 236 AD2d 531, 532 [1997]), she failed to establish her entitlement to judgment as a matter of law, and the motion was properly denied. H. Miller, J.P., Cozier, Goldstein and Skelos, JJ., concur.