■ KENNETH W. LITTLE, Respondent, v LIVINGSTON MUTUAL INSURANCE COMPANY, Appellant. [801 NYS2d 460]—

Appeal from an order of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered January 19, 2005. The order, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint. Plaintiff commenced this breach of contract action after defendant disclaimed insurance coverage for a vandalism loss sustained by plaintiff during the period between February 28 and March 11, 2001. According to defendant, the residence where the vandalism occurred had been vacant for more than 30 consecutive days immediately before the loss, thus rendering applicable the policy provision excluding coverage for loss resulting from vandalism that occurs "at the *insured premises* while the *residence* is vacant for more than 30 consecutive days immediately before [the] loss."

We note at the outset that, in support of its motion, defendant submitted, inter alia, the billing records from the National Fuel Gas Distribution Corporation (NFGD) in attempting to establish the period during which the property was vacant. Defendant, however, failed to provide the requisite evidentiary founda-

tion for their admission under the business records exception to the hearsay rule (*see* CPLR 4518 [a]; *Contreras v Klein*, 17 AD3d 395 [2005]; *Speirs v Not Fade Away Tie Dye Co.*, 236 AD2d 531, 532 [1997]). The unsworn statement in a cover letter of an attorney for NFGD that the "records are maintained . . . in the regular course of business" does not establish the requisite evidentiary foundation (*see generally Matter of Leon RR*, 48 NY2d 117, 122-123 [1979]; *Villager Constr. v Kozel & Son*, 222 AD2d 1018, 1018-1019 [1995]).

Even assuming, arguendo, that defendant met its initial burden on the motion by submitting records from the Niagara Mohawk Power Corporation establishing that utility service for the property was disconnected at least three months prior to the loss, we conclude that plaintiff raised a triable issue of fact in opposition. Although plaintiff testified at his deposition that he was unsuccessful in his attempts to collect rent from the tenants from November 2000 through February 2001, he further testified that, when he went to the property to attempt to collect rent and to check on the property during that time period, there were "tracks in the snow in and out" and "[e]verything was in place." In addition, plaintiff submitted the affidavit of his assistant, who averred that he was present at the residence on February 25, 2001, and observed "said premises full of the normal household furnishings and appliances." In addition, he observed "[n]umerous [items of] personal clothing . . . throughout the kitchen and living room area," and he averred that "[i]n no way did the inspection reveal any sign of abandonment of the premises by the tenants." Finally, he averred that, when he drove past the residence "after February 25, 2001," he observed "several automobiles parked in the driveway." Thus, we conclude that there is an issue of fact whether the residence was vacant for more than 30 consecutive days immediately before the loss (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Pigott, Jr., P.J., Green, Hurlbutt, Kehoe and Pine, JJ.