FRANK GALLO, Appellant, v TRAVELERS PROPERTY CASUALTY, Respondent. [801 NYS2d 849]—

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered August 31, 2004. The order granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's motion for summary judgment.

It is hereby ordered that the order so appealed from be and

the same hereby is unanimously reversed on the law with costs, defendant's motion is denied, the complaint is reinstated, plaintiff's motion is granted, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with thefollowing memorandum: Plaintiff commenced this action to recover insurance proceeds for a building damaged by a fire resulting from vandalism. Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint and in denying plaintiff's motion for summary judgment. In support of its motion and in opposition to plaintiff's motion, defendant contended that it denied coverage based on the policy exclusions for vacant and unoccupied property. The policy excludes coverage for "any cause of loss" if the building was "vacant" for 60 consecutive days immediately before the loss, and it excludes coverage for loss caused by vandalism if the building was "unoccupied" for 60 consecutive days immediately before the loss. We conclude that plaintiff established as a matter of law that the building was neither vacant nor unoccupied for the requisite period of time, and thus we conclude that the court should have granted plaintiff's motion.

With respect to the issue whether the building was vacant, we note that, pursuant to the terms of the insurance policy at issue, a building is vacant if it "does not contain enough business personal property to conduct customary operations." Here, plaintiff established as a matter of law that the building, comprised of three apartments, a storefront, a basement, and a garage, was not "vacant" inasmuch as plaintiff had sufficient "business personal property," i.e., furnishings, in the three apartments "to conduct his customary operations" of renting the apartments (cf. 438 Manhattan Ave. v Insurance Co. of State of Pa., 251 AD2d 71 [1998]; Lamoureux v New York Cent. Mut. Fire Ins. Co., 244 AD2d 645, 646 [1997]).

Plaintiff also established as a matter of law that the building was not "unoccupied" for 60 consecutive days immediately before the loss. Pursuant to the terms of the insurance policy at issue, a building is "unoccupied" if it "contain[s] personal property usual to the occupancy of the building while customary activity and operations are suspended." Because the term "customary activity" is not defined in the policy, we afford that term its "plain and ordinary meaning" (Lamoureux, 244 AD2d at 646). Here, we conclude that plaintiff established as a matter of law that the building was not unoccupied for the requisite period of time inasmuch as there was unrefuted proof that two people were customarily using the premises for various activi-

ties. Specifically, a friend of plaintiff used the storefront of the property as an outpost for his political campaign in running for public office for the period from July 1999 until the beginning of November 1999, and the loss occurred later that month. In addition, plaintiff's son-in-law used the basement and garage of the property to store equipment for his landscaping business and to perform maintenance on that equipment and, according to his uncontroverted deposition testimony, he was at the building on a daily basis for the two to three years preceding the date of the loss. Because plaintiff established as a matter of law that neither policy exclusion is applicable to plaintiff's loss, we grant plaintiff's motion for summary judgment, and we remit the matter to Supreme Court for a hearing on damages. Present—Hurlbutt, J.P., Scudder, Smith, Pine and Hayes, JJ.