*1046 In an action, in effect, for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendants True Building Corp. and Kevin Bevilacqua in an underlying action entitled Mondone v Lane, pending in the Supreme Court, Nassau County, under index No. 7497/09, the plaintiff appeals from an order of the Supreme Court, Nassau County (Phelan, J.), dated December 13, 2011, which denied its motion for summary judgment declaring that it is not obligated to defend or indemnify the defendants True Building Corp. and Kevin Bevilacqua in the underlying action and dismissing those defendants’ counterclaims.
Ordered that the order is reversed, on the law, with one bill of costs payable by the defendant Joseph J. Mondone, Jr., and the defendants True Building Corp. and Kevin Bevilacqua, the plaintiff’s motion for summary judgment declaring that the plaintiff is not obligated to defend or indemnify the defendants True Building Corp. and Kevin Bevilacqua in the underlying action entitled Mondone v Lane, pending in the Supreme Court, Nassau County, under index No. 7497/09 and dismissing those defendants’ counterclaims is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the plaintiff is not obligated to defend or indemnify the defendants True Building Corp. and Kevin Bevilacqua in the underlying action.
The plaintiff established its prima facie entitlement to judgment as a matter of law declaring that it is not obligated to defend or indemnify the defendants True Building Corp. (hereinafter True Building) and Kevin Bevilacqua in an underlying action entitled Mondone v Lane, pending in the Supreme Court, Nassau County, under index No. 7497/09 and dismissing those defendants’ counterclaims. In the underlying action, Joseph J. Mondone, Jr., a defendant in this action, seeks to recover damages for personal injuries he allegedly sustained while working as an electrical contractor at a residential property where True Building, a corporation owned by Bevilacqua, also was a contractor.
The exclusion from coverage contained in section VII (G) of the applicable commercial general liability insurance policy, which was submitted by the plaintiff in support of its motion, unambiguously excludes coverage for the subject claim. Section VII (G) of the combination general endorsement provides, in pertinent part, that “[t]his insurance does not apply to . . . damages . . . arising out of, caused or contributed to by . . . *1047 any injury sustained by any contractor, self-employed contractor, and/or subcontractor, or any employee, leased worker, temporary worker or volunteer help of same.” The plain language of the exclusion applies to exclude coverage here (see Jahier v Liberty Mut. Group, 64 AD3d 683 [2009]; Guachichulca v Laszlo N. Tauber & Assoc., LLC, 37 AD3d 760 [2007]).
In response to this showing that the exclusion applies, Mondone, True Building, and Bevilacqua failed to raise a triable issue of fact. Contrary to Mondone’s contentions, the exclusion still applies even though other portions of the exclusionary clause may not apply under the circumstances, since the items in the exclusion are listed in the disjunctive, so that if any one of them applies, the exclusion is triggered (see Cresvale Intl. v Reuters Am., 257 AD2d 502 [1999]; Coutu v Exchange Ins. Co., 174 AD2d 241 [1992]; see also Catucci v Greenwich Ins. Co., 37 AD3d 513, 514 [2007]).
Mondone’s remaining contentions are either not properly before this Court, or without merit.
Accordingly, the Supreme Court should have granted the plaintiff’s motion for summary judgment (see Campoverde v Fabian Bldrs., LLC, 83 AD3d 986 [2011]).
Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the plaintiff is not obligated to defend or indemnify True Building and Bevilacqua in the underlying action entitled Mondone v Lane, pending in the Supreme Court, Nassau County, under index No. 7497/09 (see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]). Angiolillo, J.E, Chambers, Hall and Roman, JJ., concur. [Prior Case History: 2011 NY Slip Op 33396(U).]