Smith v Safeco Ins. Co. of Am. (2018 NY Slip Op 02055)





Smith v Safeco Ins. Co. of Am.


2018 NY Slip Op 02055


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, CURRAN, AND WINSLOW, JJ.


191 CA 17-01429

[*1]RANDAL D. SMITH AND ALICIA SMITH, PLAINTIFFS-APPELLANTS,
v
SAFECO INSURANCE COMPANY OF AMERICA, DEFENDANT-RESPONDENT, ET AL., DEFENDANT. 






LAW OFFICES OF GUSTAVE J. DETRAGLIA, JR., UTICA (MICHELE E. DETRAGLIA OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
GOLDBERG SEGALLA LLP, BUFFALO (JONATHAN SCHAPP OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Oneida County (Norman I. Siegel, J.), entered May 22, 2017. The order denied plaintiffs' motion for, in essence, partial summary judgment on liability with respect to the breach of contract cause of action against defendant Safeco Insurance Company of America and granted the cross motion of defendant Safeco Insurance Company of America for summary judgment dismissing the amended complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the cross motion of defendant Safeco Insurance Company of America is denied and the amended complaint against it is reinstated, and plaintiffs' motion is granted, and the matter is remitted to Supreme Court, Oneida County, for further proceedings in accordance with the following memorandum: Plaintiffs commenced this action against, inter alia, Safeco Insurance Company of America (defendant) seeking to recover insurance proceeds after their home was damaged by water following a water main break on their street. In their amended complaint, plaintiffs asserted a cause of action against defendant for breach of contract, and thereafter moved for, in essence, partial summary judgment on liability with respect to that cause of action by seeking a determination that "[defendant] must cover [plaintiffs'] loss." Defendant cross-moved for summary judgment dismissing the amended complaint against it on the ground that plaintiffs' loss was subject to a policy exclusion related to certain kinds of water damage, including damage caused by "surface water." We conclude that Supreme Court erred in granting defendant's cross motion and denying plaintiffs' motion.
In support of their motion, plaintiffs submitted a copy of their insurance policy from defendant as well as a copy of defendant's letter denying coverage on the ground that the damage to plaintiffs' property was caused by surface water. We conclude that plaintiffs established as a matter of law that their home was not damaged by surface water, and we therefore reverse the order, deny the cross motion, reinstate the amended complaint against defendant, grant plaintiff's motion, and remit the matter to Supreme Court for a hearing on damages (see Gallo v Travelers Prop. Cas., 21 AD3d 1379, 1381 [4th Dept 2005]).
"An insurance agreement is subject to principles of contract interpretation" (Universal Am. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 25 NY3d 675, 680 [2015]), and "[a]ny . . . exclusions or exceptions from policy coverage must be specific and clear in order to be enforced. They are not to be extended by interpretation or implication, but are to be accorded a strict and narrow construction" (Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311 [1984]; see Pioneer Tower Owners Assn. v State Farm Fire & Cas. Co., 12 NY3d 302, 306-307 [2009]). Inasmuch as the term "surface water" is not defined in the policy, "we afford that term its plain [*2]and ordinary meaning' " (Gallo, 21 AD3d at 1380). We have previously defined surface water as " the accumulation of natural precipitation on the land and its passage thereafter over the land until it either evaporates, is absorbed by the land or reaches stream channels' " (Casey v General Acc. Ins. Co., 178 AD2d 1001, 1002 [4th Dept 1991], quoting Drogen Wholesale Elec. Supply v State of New York, 27 AD2d 763, 763 [3d Dept 1967]; cf. Tsai v Liberty Mut. Ins. Co., 2015 WL 6550769, *6 [Tex App, Oct. 29, 2015]). We thus conclude that, under the clear and unambiguous terms of the policy, the water that entered the plaintiffs' residence was not surface water, and defendant therefore erroneously denied coverage under that policy exclusion.
Contrary to defendant's contention, the fact that the policy stated that the overall water damage exclusion applied "whether the water damage [was] caused by or result[ed] from human or animal forces or any act of nature" does not require a different result. That statement follows the entire list of events for which the water damage exclusion applied, which included both acts of nature and human forces, and does not change the definition of "surface water" as that term has been defined by this Court.
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court