Lok-N-Logs, Inc. v Leatherstocking Coop. Ins. Co. (2025 NY Slip Op 01989)

Lok-N-Logs, Inc. v Leatherstocking Coop. Ins. Co.

2025 NY Slip Op 01989

Decided on April 3, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 3, 2025

CV-23-2412
[*1]Lok-N-Logs, Inc., et al., Appellants,
v
Leatherstocking Cooperative Insurance Company, Respondent.

Calendar Date:January 9, 2025

Before:Egan Jr., J.P., Aarons, Pritzker and Lynch, JJ.

DeTraglia Law Office, Utica (Gustave J. DeTraglia Jr. of counsel), for appellants.
Mura Law Group, PLLC, Buffalo (Ryan M. Mura of counsel), for respondent.

Aarons, J.
Appeal from an order of the Supreme Court (Mark Masler, J.), entered December 14, 2023 in Chenango County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.
Plaintiff Lok-N-Logs, Inc. owns a commercial warehouse building in the Village of Sherburne, Chenango County. The building is insured under a multi-peril insurance policy issued by defendant. In April 2020, the building was damaged when individuals broke in and stole copper and brass from the building's electrical and plumbing systems. Plaintiffs filed a claim under the insurance policy, which claim defendant denied under policy provisions excluding coverage when the building is vacant or unoccupied. Following joinder of issue and some discovery, defendant moved for summary judgment dismissing the complaint. Plaintiffs opposed and cross-moved for summary judgment. Supreme Court granted defendant's motion, denied plaintiffs' cross-motion and dismissed the complaint. Contending that Supreme Court should have reached the opposite conclusion on both motions, plaintiffs appeal.
"In determining a dispute over insurance coverage, we first look to the language of the policy. As with the construction of contracts generally, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such provisions is a question of law for the court" (87 Uptown Rd., LLC v Country Mut. Ins. Co., 225 AD3d 1016, 1017 [3d Dept 2024] [internal quotation marks and citations omitted]). Defendant relies on two exclusions to justify its denial: one excludes loss due to vandalism if the property is "vacant for more than 30 consecutive days immediately before the loss," and the other suspends coverage when the property is "vacant or unoccupied beyond a period of [60] consecutive days." The policy does not define "vacant" or "unoccupied" (compare Gallo v Travelers Prop. Cas., 21 AD3d 1379, 1380 [4th Dept 2005]). Mindful that those terms must be "construed and applied in view of the subject-matter of the contract, and of the ordinary incidents attending the use of the insured property" (Whitney v Black Riv. Ins. Co., 72 NY 117, 121 [1878]), vacancy as used in insurance contracts generally means the insured property is empty of contents (see Herrman v Merchants Ins. Co., 81 NY 184, 188 [1880]). By contrast, "[i]t is the regular presence of inhabitants that makes occupancy" (Page v Nationwide Mut. Fire Ins. Co., 15 AD2d 306, 307 [3d Dept 1962]; see Coutu v Exchange Ins. Co., 174 AD2d 241, 244 [3d Dept 1992]). With those definitions in mind, success on the parties' respective summary judgment motions required them to "make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Zimmerman v Leatherstocking Coop. Ins. Co., 226 AD3d 1239, 1240 [3d Dept 2024] [internal quotation marks and citation omitted]; see Lorens v New [*2]York Cent. Mut. Fire Ins. Co., 212 AD3d 927, 929 [3d Dept 2023]).
Relying on the same record, the parties did not carry their respective initial burdens. As to vacancy, the policy classifies the building under "Cold Storage, Warehouses," with the description, "1st Floor LRO Warehouse for Commercial Dog Food Storage & MRO Logistics, 2nd and 3rd Floors Vacant." Further, even though the dog food company and another commercial tenant had ceased operations and removed their belongings by December 2019, testimony by plaintiff James Webb, president of Lok-N-Logs, established that plaintiffs continued to store items at the building for Lok-N-Logs' construction business. On those facts, a jury could find Lok-N-Logs used the building as its own commercial warehouse, and the building was not vacant for 30 or 60 days prior to the loss (compare Nurnberg v Citizens Cas. Co. of N.Y., 18 AD2d 650, 650 [1st Dept 1962], affd 13 NY2d 681 [1963]).
We reach a similar conclusion with respect to occupancy. After the building's last two paying tenants left in December 2019, a Lok-N-Logs employee performed maintenance in the building twice a week. Another Lok-N-Logs employee stored personal items in the building as part of his move from one residence to another and sold some of those items in garage sales he held at the building on weekends (compare Whitney v Black Riv. Ins. Co., 72 NY at 121). Webb testified that he went to the building about once each week and confirmed that, even though Lok-N-Logs stored items at the building, "we didn't have people in there every day working." In addition, plaintiffs disconnected the building's electrical service in February 2020 (cf. Little v Livingston Mut. Ins. Co., 21 AD3d 1265, 1266 [3d Dept 2005]). Some of those facts suggest unoccupancy; however, given that the policy indicates the building is a warehouse and, taking account of the "ordinary incidents attending [this warehouse's] use," a jury could rationally conclude on the record before us that there was a regular presence of inhabitants during the 60 days preceding the loss (Whitney v Black Riv. Ins. Co., 72 NY at 121; compare McCabe v Allstate Ins. Co., 260 AD2d 850, 852 [3d Dept 1999]), precluding summary judgment and requiring denial of defendant's motion and plaintiffs' cross-motion.
Egan Jr., J.P., Pritzker and Lynch, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion for summary judgment dismissing the complaint; motion denied; and, as so modified, affirmed.