LUCILLE PAGE (JOINES), Respondent, *v.* NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Appellant.

Third Department, January 17, 1962.

*Brown & Gallagher* (*Thomas A. Ford* of counsel), for appellant.

*Evariste G. Lavigne* for respondent.

BERGAN, P. J. In this action on a fire insurance policy, the insurance company asserted the affirmative defense that at the time of the fire the covered premises " had been unoccupied beyond a period of sixty consecutive days at the time of the alleged loss set forth in the complaint ". The policy provided, as one of the " conditions suspending insurance ", that the company should not be liable " for loss occurring " while the building " is vacant or unoccupied beyond a period of sixty consecutive days ". The burden is upon the insurer to establish this affirmative defense. (21 Appleman, Insurance Law and Practice, § 12226.)

After a trial the court held " that the defendant has failed to sustain its affirmative defense " and granted judgment for stipulated damages. The defendant offered proof tending to show the premises were unoccupied more than 60 consecutive days before the fire. The fire occurred on the night of June

5–6, 1960. It is adequately established that the premises were unoccupied from the end of October, 1959 to May 29, 1960. But the plaintiff testified that she and her husband began work of cleaning, repairing and redecorating the premises on May 29, 1960.

The electric power service was turned on on that date. There is testimony that she and her husband actually slept at the premises on the nights of June 1, 2 and 3; that they took some of their meals there; and kept work clothes and other apparel in the house. There was no furniture in the house while this work went forward and the plaintiff testified that they slept on the seats of their automobile placed in the house. They had been registered in a motel some distance away in another county, and slept there on other nights, but she testified that on the nights of June 1, 2 and 3 they were so fatigued in the work of cleaning and renovation that they slept at the house.

If this testimony is to be believed, and it is not so inherently incredible that it must not be believed, the premises could be found to have been " occupied " on June 1, 2 and 3. Since this would be within 60 days of the fire under the policy supervision provision, the exception would not arise, even though the premises were unoccupied at the actual time of the fire. A householder need not necessarily have conventional, or, indeed, any furniture in a house to occupy it. His presence in it for sleeping and eating and working purposes can literally constitute occupancy. He can, if he will, sleep and eat on the floor or on improvised devices.

The presence of furniture does not alone make occupancy; and its absence does not negative it necessarily. It is the regular presence of inhabitants that makes occupancy. And three days of such presence is enough to break the 60-day chain of unoccupancy which had occurred. Of course, the mere renovation of a house with no one staying there during the process does not make out occupancy; and this is all that was held in *Barry* v. *Prescott Ins. Co.* (35 Hun 601), a case on which defendant relies heavily.

The judgment should be affirmed, with costs.

Coon, Gibson, Herlihy and Reynolds, JJ., concur.

Judgment affirmed, with costs.