■ CATHERINE F. PARISI et al., Respondents-Appellants, v. JOHN D. MOORE et al., Respondents, and MASTIC BEACH AMBULANCE CO., INC., et al., Appellants.— In a negligence action to recover damages for personal injuries, etc., (1) defendants Mastic Beach Ambulance Co., Inc., and William J. Sharkey (a) appeal from a jury verdict in favor of plaintiffs and against them after trial on the issue of liability only and (b) also appeal, as limited by their brief, from so much of an interlocutory judgment of the Supreme Court, Suffolk County, entered on said verdict on July 9, 1970, as is against them and in favor of plaintiffs; and (2) plaintiffs appeal from so much of said judgment as dismissed their complaint against defendants John D. Moore and Marie M. Barin upon the jury verdict. Appeal by defendants Mastic and Sharkey from the jury verdict dismissed, without costs. No appeal lies from a verdict. Interlocutory judgment modified by striking therefrom the decretal paragraph which dismissed the complaint against defendants Moore and Barin and by adding thereto a provision setting aside the verdict in favor of said defendants and granting a new trial as to them. As so modified, judgment affirmed, with costs to plaintiffs against defendants Mastic Beach Ambulance Co., Inc. and William J. Sharkey and, as between plaintiffs and defendants John D. Moore and Marie M. Barin, with costs to abide the event of the new trial. In our opinion, the record clearly establishes that defendant Moore, the operator of the automobile owned by defendant Barin, violated section 1144 of the Vehicle and Traffic Law, and that this violation of the statute contributed to the happening of the accident; hence, the verdict in favor of said defendants was against the weight of the evidence and must be set aside. With respect to defendants Mastic and Sharkey, there is adequate evidence in the record to support a finding that Sharkey, the operator of Mastic's ambulance, was guilty of negligence contributing to the happening of the accident; hence, the interlocutory judgment as against them should not be disturbed. Gulotta, Brennan and Benjamin, JJ., concur; Hopkins, Acting P. J., and Christ, J., concur in the dismissal of the appeal by defendants Mastic and Sharkey from the verdict, but otherwise dissent and vote to affirm the interlocutory judgment.

■ JUSTIN PERROTTA, Respondent, v. MIDDLESEX MUTUAL INSURANCE COMPANY, Appellant.— In an action to recover upon a policy of insurance for property damage, defendant appeals (by permission) from an order of the Appellate Term, Ninth and Tenth Judicial Districts, dated January 20, 1971, which affirmed a judgment of the District Court of the County of Nassau, First District, entered March 5, 1970, in favor of plaintiff upon a jury verdict. Order affirmed, with costs. We are of the opinion that the activities of plaintiff were sufficient to permit a jury to find that he had occupied the premises and thus that the premises were not vacant and that plaintiff was not absent therefrom. Insofar as *Page* v. *Nationwide Mut. Fire Ins. Co.* (15 A D 2d 306) may be inconsistent, we decline to follow it. As we view it, the failure to sleep in the premises is not fatal to a plaintiff who had been in the premises for the eight days preceding the loss. Thus there was sufficient evidence for the jury to find that plaintiff occupied the premises and that they were not vacant. Hopkins, Acting P. J., Christ, Brennan and Benjamin, JJ., concur; Gulotta, J., not voting.