■ TWELVE NINETY SMITHTOWN CORPORATION, Respondent, v NEW YORK MUTUAL UNDERWRITERS, Appellant. [628 NYS2d 166]

—In an action to recover the proceeds of a fire insurance policy, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Seidell, J.), entered February 9, 1994, which, upon a ruling granting the plaintiff judgment as a matter of law at the close of a jury trial, is in favor of the plaintiff and against the defendant in the principal sum of $50,000.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

The evidence adduced at the trial presented issues of fact as to (1) whether the premises were occupied at the time of the fire (see, Knight v United States Fid. & Guar. Co., 123 Ga App 833, 835, 182 SE2d 693, 696; Perrotta v Middlesex Mut. Ins. Co., 37 AD2d 783; Page v Nationwide Mut. Fire Ins. Co., 15 AD2d 306; see also, Myers v Merrimack Mut. Fire Ins. Co., 788 F2d 468), (2) whether an agent of the plaintiff intentionally set the fire (see, People v Maxwell, 116 AD2d 667; Anderson v General Acc. Fire & Life Assur. Corp., 58 AD2d 568; Shawanga Holding Corp. v New York Prop. Ins. Underwriting Assn., 57 AD2d 677; V.F.V. Constr. Co. v Aetna Ins. Co., 56 AD2d 598), and (3) whether the plaintiff willfully concealed the cause of the fire or made false statements with respect to the cause of the fire. Accordingly, the defendant's first, third, fourth, and fifth affirmative defenses should have been submitted to the jury.

However, we agree with the trial court that there is no evidence that the plaintiff increased the hazard insured against by storing gasoline on the insured premises. Thus, the second affirmative defense was properly dismissed. Mangano, P. J., Joy, Hart and Florio, JJ., concur.