ALTHIA MARSHALL et al., Plaintiffs, and JOSEPH GERARD-JEAN, Respondent, v TOWER INSURANCE COMPANY OF NEW YORK, Appellant, et al., Defendant. [845 NYS2d 90]—

In an action to recover damages for breach of an insurance policy, the defendant Tower Insurance Company of New York appeals from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated June 14, 2006, as denied that

branch of its motion which was for summary judgment dismissing the causes of action asserted by the plaintiff Joseph Gerard-Jean against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Tower Insurance Company of New York which was for summary judgment dismissing the causes of action asserted by the plaintiff Joseph Gerard-Jean against it is granted.

"[T]he construction of terms and conditions of an insurance policy that are clear and unambiguous presents a question of law to be determined by the court when the only issue is whether the terms as stated in the policy apply to the facts" (*Raino v Navigators Ins. Co.*, 268 AD2d 419, 419-420 [2000]; *see also Briggs v Allstate Ins. Co.*, 1 AD3d 392 [2003]). Moreover, "where the provisions of the policy are clear and unambiguous, they must be given their plain and ordinary meaning, and courts should refrain from rewriting the agreement" (*Government Empls. Ins. Co. v Kligler*, 42 NY2d 863, 864 [1977]). However, any ambiguity must be construed against the insurer in favor of coverage (*see Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.*, 60 NY2d 390, 398 [1983]).

The provisions at issue in the instant policy are not ambiguous. The policy defines the insured location as, inter alia, the "residence premises." The term "residence premises" is defined as follows: "8. 'Residence premises' means: a. The one family dwelling, other structures, and grounds; or b. That part of any other building; where you reside and which is shown as the 'residence premises' in the Declarations."

The declarations identify the insured as the plaintiff Joseph Gerard-Jean (hereinafter the plaintiff) with an address of 1598 E. 53rd Street, Brooklyn NY (hereinafter the subject premises). It further states that "The residence premises covered by this policy is located at the above insured address."

Contrary to the plaintiff's contention, the set-off clause beginning "where you reside" clearly applies to and modifies sections 8 (a) and (b) quoted above. Neither section 8 (a) nor 8 (b) identifies a specific location without also adding the underlined clause beginning "where you reside" (*see Metropolitan Prop. & Cas. Ins. Co. v Pulido*, 271 AD2d 57, 58 [2000]). As the parties do not dispute that the plaintiff, the named insured under the policy, did not reside at the subject premises, the defendant Tower Insurance Company of New York properly concluded that the subject premises were not covered under the policy and properly disclaimed on that basis. Rivera, J.P., Krausman, Florio and Dillon, JJ., concur. [*See* 12 Misc 3d 1170(A), 2006 NY Slip Op 51125(U) (2006).]