■ DOUGLAS DEAN et al., Appellants, v TOWER INSURANCE COMPANY OF NEW YORK, Respondent. [922 NYS2d 371]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered May 7, 2010, which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiffs' cross motion for summary judgment on liability, unanimously modified, on the law, defendant's motion denied, the complaint reinstated, and otherwise affirmed, without costs.

Defendant failed to satisfy its prima facie burden on its motion for summary judgment. Because the "residence premises" insurance policy fails to define what qualifies as "resides" for the purposes of attaching coverage, the policy is ambiguous in the circumstances of this case, where the plaintiff insureds purchased the policy in advance of closing but were then unable to fulfill their intention of establishing residency at the subject premises due to their discovery and remediation of termite damage that required major renovations. "[B]efore an insurance

company is permitted to avoid policy coverage, it must satisfy the burden which it bears of establishing that the exclusions or exemptions apply in the particular case, and that they are subject to no other reasonable interpretation" (*Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984] [citations omitted]). Accordingly, the ambiguity in the policy must be construed against defendant under the facts of this case, and precludes the grant of summary judgment in its favor (*see Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.*, 60 NY2d 390, 398 [1983]). *Marshall v Tower Ins. Co. of N.Y.* (44 AD3d 1014 [2007]) is inapposite because it did not address whether the term "residence premises" is ambiguous in light of the policy's failure to define "resides." Moreover, unlike here, the plaintiff in *Marshall* had no intention of living at the premises (*see Marshall v Tower Ins. Co. of N.Y.*, 12 Misc 3d 1170[A], 2006 NY Slip Op 51125[U] [Sup Ct 2006]).

An issue of fact as to whether plaintiffs misrepresented their intention to reside in the subject premises as contemplated by the policy precludes a grant of summary judgment to both parties.

We have considered the parties' remaining contentions and find them to be without merit. Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Richter and Manzanet-Daniels, JJ. **[Prior Case History: 2010 NY Slip Op 31107(U).]**