[979 NE2d 1143, 955 NYS2d 817]

Douglas Dean et al., Respondents, v Tower Insurance Company of New York, Appellant.

Argued September 11, 2012; decided October 25, 2012

## POINTS OF COUNSEL

*Law Office of Max W. Gershweir*, New York City (*Max W. Gershweir* of counsel), for appellant. I. In finding that "reside" is ambiguous under these circumstances, the Appellate Division disregarded the plain and ordinary meaning of the term, and well-settled legal precedent, which requires an established use of the premises as the putative resident's dwelling place. (*Breed v Insurance Co. of N. Am.*, 46 NY2d 351; *Incorporated Vil. of Cedarhurst v Hanover Ins. Co.*, 89 NY2d 293; *Matter of Mostow v State Farm Ins. Cos.*, 88 NY2d 321; *Vela v Tower Ins. Co. of N.Y.*, 83 AD3d 1050; *Matter of Allstate Ins. Co. [Rapp]*, 7 AD3d 302; *New York Cent. Mut. Fire Ins. Co. v Kowalski*, 195 AD2d 940; *Commisso v Tower Ins. Co. of N.Y.*, 30 Misc 3d 1224[A], 2011 NY Slip Op 50190[U]; *Longwood Cent. School Dist. v Springs Union Free School Dist.*, 1 NY3d 385; *Antone v General Motors Corp., Buick Motor Div.*, 64 NY2d 20; *Rawstorne v Maguire*, 265 NY 204.) II. There is no permissible basis for reading the residency requirement out of the policy. (*Raymond Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 5 NY3d 157; *Barhydt v Ellis*, 45 NY 107; *Hartford Ins. Co. of Midwest v Halt*, 223 AD2d 204; *New York Cent. Mut. Fire Ins. Co. v Peckey*, 298 AD2d 970; *Dutkanych v United States Fid. & Guar. Co.*, 252 AD2d 537; *People v O'Hara*, 96 NY2d 378; *American Home Prods. Corp. v Liberty Mut. Ins. Co.*, 565 F Supp 1485, 748 F2d 760; *Matter of Mostow v State Farm Ins. Cos.*, 88 NY2d 321;

*Slayko v Security Mut. Ins. Co.,* 98 NY2d 289; *McLaughlin v Nationwide Mut. Fire Ins. Co.,* 8 AD3d 739.) III. Tower Insurance Company of New York is entitled to summary judgment on the alternative ground that plaintiffs materially misrepresented in the insurance application that the premises were their primary residence and that they did not occupy any other premises. (*Aguilar v United States Life Ins. Co. in City of N.Y.,* 162 AD2d 209.)

*Bleakley Platt & Schmidt, LLP,* White Plains (*Robert D. Meade* and *Susan E. Galvão* of counsel), for respondents. I. Tower Insurance Company of New York's proposed construction of the term "residence premises" violates the Insurance Law, which sets minimum standards of coverage for the fire insurance policies. (*Medical Facilities v Pryke,* 62 NY2d 716; *New England Mut. Life Ins. Co. v Doe,* 93 NY2d 122; *Planet Ins. Co. v Bright Bay Classic Vehs.,* 75 NY2d 394; *Lane v Security Mut. Ins. Co.,* 96 NY2d 1.) II. The term "residence premises" is ambiguous. (*Sekulow v Nationwide Mut. Ins. Co.,* 193 AD2d 395; *Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304; *MDW Enters. v CNA Ins. Co.,* 4 AD3d 338; *Matter of Vanguard Ins. Co. [Polchlopek],* 18 NY2d 376.) III. The decisions in *Vela v Tower Ins. Co. of N.Y.* (83 AD3d 1050 [2d Dept 2011]) and *Commisso v Tower Ins. Co. of N.Y.* (30 Misc 3d 1224[A], 2011 NY Slip Op 50190[U] [Sup Ct, NY County 2011]) are not controlling, as they are distinguishable in material respects. IV. Tower Insurance Company of New York sought summary judgment on a ground not raised in its letter denying the claim. (*Paul M. Maintenance, Inc. v Transcontinental Ins. Co.,* 300 AD2d 209; *Herrman v Adriatic Fire Ins. Co.,* 85 NY 162; *Gallo v Travelers Prop. Cas.,* 21 AD3d 1379; *Page v Nationwide Mut. Fire Ins. Co.,* 15 AD2d 306; *Perrotta v Middlesex Mut. Ins. Co.,* 37 AD2d 783.) V. Plaintiffs were entitled to first-party coverage for a fire loss involving a dwelling being built by the insured pursuant to policy paragraph 4F. (*Tower Ins. Co. of N.Y. v Diaz,* 58 AD3d 495; *Westview Assoc. v Guaranty Natl. Ins. Co.,* 95 NY2d 334; *McCarthy v New York Prop. Ins. Underwriting Assn.,* 158 AD2d 961; *MDW Enters. v CNA Ins. Co.,* 4 AD3d 338; *TAG 380, LLC v ComMet 380, Inc.,* 10 NY3d 507; *Property Clerk, N.Y. City Police Dept. v Pagano,* 170 AD2d 30.) VI. Tower Insurance Company of New York waived the right to deny this claim. (*Prudential Ins. Co. of Am. v BMC Indus., Inc.,* 630 F Supp 1298.) VII. Plaintiffs did not misrepresent any facts in the application for this policy or otherwise act inequitably. (*Woodruff v Imperial Fire Ins. Co. of London,* 83 NY 133.)

**OPINION OF THE COURT**

CIPARICK, J.

This appeal requires us to determine whether the term "residence premises" in an insurance contract is ambiguous where an insured purchased a homeowners' policy in advance of a closing but was unable to move in due to the need for major repairs. We conclude that under the circumstances of this case the term is ambiguous, precluding summary judgment.

Plaintiffs Douglas and Joanna Dean entered into a contract to purchase a home in Irvington in February 2005. The closing was scheduled to take place on March 31, 2005. Plaintiffs acquired a homeowners' insurance policy from defendant Tower Insurance Company of New York (Tower) effective as of the closing date. The closing was delayed until May 20, 2005. After the closing, plaintiffs discovered extensive termite damage to the house. Douglas Dean, with the help of family and friends, began the process of repairing the damage. Work on the house progressed over the course of the year following the closing, and the policy was renewed in March 2006. The renovations were substantially completed when, on May 15, 2006, a fire completely destroyed the house.

The morning after the fire, plaintiffs gave notice to Tower. On June 22, 2006, Tower disclaimed coverage on the ground that "[o]ur investigation revealed the dwelling was unoccupied at the time of the loss. Accordingly, this dwelling does not qualify as a 'residence premises' [sic] there is no coverage for this claim under your policy." Secondarily, Tower disclaimed coverage on the ground that plaintiffs engaged in fraud by misrepresenting their intent to live in the premises on the application submitted in advance of acquiring the policy.

The Tower policy provides as follows: "We cover: 1. The dwelling on the 'residence premises' shown in the Declarations, including structures attached to the dwelling." In the definitions section, "residence premises" is defined as: "The one family dwelling . . . where you reside." The term reside is not defined in the policy.

Plaintiffs commenced this action for breach of the insurance contract. Following discovery, both parties moved for summary judgment. Supreme Court granted Tower's motion, denied plaintiffs' motion and dismissed the complaint. The court held that the term "reside" is clear and unambiguous, and that plaintiffs never established residency at the premises and

"[a]t best . . . established ownership of the house and presence in it to perform certain renovations, and a stated intent of living there" (2010 NY Slip Op 31107[U], *9 [2010]). The Appellate Division modified the order of Supreme Court, finding that Tower failed to satisfy its prima facie burden on a motion for summary judgment (*see Dean v Tower Ins. Co. of N.Y.*, 84 AD3d 499 [1st Dept 2011]). It concluded that the "residence premises" requirement in the policy failed to define what qualifies "as 'resides' for the purpose of attaching coverage" and that the "policy [was] ambiguous in the circumstances of this case" and otherwise denied summary judgment (*id.* at 499-500). The Appellate Division granted Tower leave to appeal to this Court on a certified question (2011 NY Slip Op 82928[U] [2011]). We agree with the Appellate Division and now affirm.

"Insurance contracts must be interpreted according to common speech and consistent with the reasonable expectation of the average insured" (*Cragg v Allstate Indem. Corp.*, 17 NY3d 118, 122 [2011]). "[B]efore an insurance company is permitted to avoid policy coverage, it must satisfy the burden which it bears of establishing that the exclusions or exemptions apply in the particular case, and that they are subject to no other reasonable interpretation" (*Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984] [citations omitted]). "[A]mbiguities in an insurance policy are to be construed against the insurer" (*Breed v Insurance Co. of N. Am.*, 46 NY2d 351, 353 [1978]).

"The standard for determining residency for purposes of insurance coverage requires something more than temporary or physical presence and requires at least some degree of permanence and intention to remain" (*Government Empls. Ins. Co. v Paolicelli*, 303 AD2d 633, 633 [2d Dept 2003] [internal quotation marks omitted]; *see also Matter of Aetna Cas. & Sur. Co. v Gutstein*, 80 NY2d 773, 775 [1992]; *Matter of Allstate Ins. Co. [Rapp]*, 7 AD3d 302, 303 [1st Dept 2004]). Plaintiff Douglas Dean claimed that between the date of the closing and the date of the fire he was generally at the property at least five days a week. He would go there after work between 4:00 and 5:00 p.m. and leave no earlier than 10:00 p.m. and would frequently stay late into the night or early morning. He also averred that he had built a table for eating purposes and would eat at the house everyday, sometimes with other workers, and that he slept there on several occasions. Therefore, there are issues of fact as to whether Douglas' daily presence in the house, coupled with his intent to eventually move in with his family, is sufficient to

satisfy the insurance policy's requirements (*cf. Vela v Tower Ins. Co. of N.Y.*, 83 AD3d 1050, 1051 [2d Dept 2011], *lv granted* 2011 NY Slip Op 85357[U] [2d Dept 2011], *appeal withdrawn* 18 NY3d 881 [2012]).

Further, because the term "reside" is not defined in the contract making the term "residence premises" ambiguous, it is arguable that the reasonable expectation of an average insured (*see Cragg*, 17 NY3d at 122) is that occupancy of the premises would satisfy the policy's requirements. Notably, the standard fire policy as provided in Insurance Law § 3404 (e) speaks in terms of occupancy, and Insurance Law § 3404 (f) (1) (A) states that a policy "with respect to the peril of fire" cannot contain provisions "less favorable to the insured than those contained in the standard fire policy." Additionally, Tower's letter disclaiming coverage also speaks in terms of occupancy.* Courts have held that "[a] householder need not necessarily have conventional, or, indeed, any furniture in a house to occupy it. His presence in it for sleeping and eating and working purposes can literally constitute occupancy. He can, if he will, sleep and eat on the floor or on improvised devices" (*Page v Nationwide Mut. Fire Ins. Co.*, 15 AD2d 306, 307 [3d Dept 1962]; *see also Perrotta v Middlesex Mut. Ins. Co.*, 37 AD2d 783, 783 [2d Dept 1971]). Thus, there are issues of fact rendering summary judgment inappropriate in this matter.

Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.

JONES, J. (dissenting). The homeowners' policy at issue on this appeal provides coverage for a "residence premises" which is defined as the "family dwelling, other structures, and grounds," or "[t]hat part of any . . . building . . . where you reside." Thus, the proper inquiry is whether plaintiffs resided at the subject premises—an outcome predicated on the simple application of the plain meaning of the term "reside" to the policy. The majority declines to do so, however, agreeing with the Appellate Division that the absence of an express definition of "reside," coupled with plaintiffs' tendered proof that they were engaged in daily renovations inside the premises, renders the phrase "residence premises" ambiguous and precludes

---

* While not determinative, the disclaimer letter is indicative that the reasonable expectation of an average insured, under these facts, is that occupancy is sufficient to establish coverage.

Tower's entitlement to summary judgment. In my view, plaintiffs' activity falls short of demonstrating the physical permanence needed to establish that the subject property was their residence. Therefore, I respectfully dissent.

"The standard for determining residency for insurance coverage requires something more than temporary or physical presence and . . . at least some degree of permanence and intention to remain" (*Matter of Allstate Ins. Co. [Rapp]*, 7 AD3d 302, 303 [1st Dept 2004], quoting *Government Empls. Ins. Co. v Paolicelli*, 303 AD2d 633, 633 [2d Dept 2003] [internal quotation marks omitted]). A resident is defined as "one who lives in the household with a certain degree of permanency and intention to remain" (*id.*, quoting *Canfield v Peerless Ins. Co.*, 262 AD2d 934, 934-935 [4th Dept 1999]).

Applying the plain definition of "reside" to the policy, it is evident that plaintiffs had not established the property as a "residence premises." Plaintiff Douglas Dean attested that leading up to the date of the fire, he would enter the property at least five days a week to perform renovation work, occasionally staying until late night or early morning. Although he ate meals and napped in the premises, significantly, he never stayed overnight and always returned to plaintiffs' residence of the previous seven years. Indeed, plaintiffs continued to reside in their previous home and, put simply, failed to physically move into the subject premises. Thus, Douglas Dean's testimony demonstrates ownership, an intention to reside at the subject premises, and recurrent presence inside the property for the purpose of renovation, but not the necessary "degree of permanence" to establish a residence.

Inexplicably, the majority declines to apply the plain meaning of the term "reside" when we have previously accorded unambiguous terms within insurance policies their plain and ordinary meaning (*see Government Empls. Ins. Co. v Kligler*, 42 NY2d 863, 864 [1977] ["While it is true that policies of insurance are to be construed liberally in favor of the insured and strictly against the insurer, where the provisions of the policy are clear and unambiguous, they must be given their plain and ordinary meaning, and courts should refrain from rewriting the agreement"]; *New England Mut. Life Ins. Co. v Doe*, 93 NY2d 122, 130 [1999] [Court applied the plain meaning to the term "exist," noting that "[e]xist means exist"]; *Vigilant Ins. Co. v Bear Stearns Cos., Inc.*, 10 NY3d 170, 177 [2008]; *White v Continental Cas. Co.*, 9 NY3d 264, 267 [2007]). Instead, by

finding an ambiguity with the term "residence premises," the majority argues that the case should turn on the issue of "occupancy" because "it is arguable that the reasonable expectation of an average insured is that occupancy of the premises would satisfy the policy's requirements" (majority op at 709 [citation omitted]). The majority appears to take particular issue with Tower's disclaimer letter which stated: "Our investigation revealed the dwelling was unoccupied at the time of the loss. Accordingly, this dwelling does not qualify as a 'residence premises' [sic] there is no coverage for this claim under your policy." It is evident, however, that Tower disclaimed coverage on the ground that "this dwelling does not qualify as a 'residence premises' " because it was not occupied in a manner that established the property as a residence. The terms "reside" and "occupy" should not be conflated to circumvent the governing terms of the policy, notwithstanding the reference to "occupancy" in the disclaimer letter and Insurance Law § 3404 (e).* The issue is plainly whether the property was a "residence premises" and Tower amply demonstrated its entitlement to judgment as a matter of law (see Vela v Tower Ins. Co. of N.Y., 83 AD3d 1050 [2d Dept 2011]; Marshall v Tower Ins. Co. of N.Y., 44 AD3d 1014 [2d Dept 2007]; Commisso v Tower Ins. Co. of N.Y., 30 Misc 3d 1224[A], 2011 NY Slip Op 50190[U] [Sup Ct, NY County 2011]). Because plaintiffs' evidence failed to raise a triable issue of fact, I would reverse the order of the Appellate Division.

Chief Judge LIPPMAN and Judges GRAFFEO and PIGOTT concur with Judge CIPARICK; Judge JONES dissents and votes to reverse in a separate opinion in which Judges READ and SMITH concur.

Order affirmed, with costs, and certified question answered in the affirmative.

---

* It is arguable whether plaintiffs even established occupancy (see Page v Nationwide Mut. Fire Ins. Co., 15 AD2d 306, 307 [3d Dept 1962] ["Of course, the mere renovation of a house with no one staying there during the process does not make out occupancy"]).