Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered January 8, 2013, which denied plaintiff insured’s motion for summary judgment and granted defendant insurer’s cross motion for summary judgment, unanimously modified, on the law, to declare that the policy does not provide coverage for the claimed loss, and otherwise affirmed, without costs.
The motion court properly interpreted the policy as a matter of law (see Dean v Tower Ins. Co. of N.Y., 19 NY3d 704, 708 [2012]; White v Continental Cas. Co., 9 NY3d 264, 267 [2007]). The court correctly found that the unambiguous plain meaning of defendant’s computer systems fraud rider, covering loss from a fraudulent “entry of electronic data” or “change of electronic data” within the insured’s proprietary computer system, was intended to apply to wrongful acts in manipulation of the computer system, i.e., by hackers, and did not provide coverage for fraudulent content consisting of claims by bona fide doctors and other health care providers authorized to use the system for reimbursement for health care services that were not provided.
We modify solely to declare the rights of the parties in this action for declaratory relief (see Lanza v Wagner, 11 NY2d 317, 334 [1962], cert denied 371 US 901 [1962]). Concur — Andrias, J.P., Sweeny, Acosta, Saxe and Clark, JJ. [Prior Case History: 38 Misc 3d 859.]