■ DANIEL REDEYE, Appellant, v PROGRESSIVE INSURANCE COMPANY, Respondent. [19 NYS3d 645]—

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (John F. O'Donnell, J.), entered November 7, 2014. The order and judgment, inter alia, granted the motion of defendant for summary judgment seeking, among other things, to dismiss the complaint.

It is hereby ordered that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking supplementary uninsured/underinsured motorist (SUM) benefits from defendant, his motor vehicle liability insurer. Plaintiff was a pedestrian who was injured after a vehicle operated by a drunk driver collided with a parked vehicle, which was propelled into plaintiff and two other pedestrians. Plaintiff commenced an action against the driver of the vehicle as well

as a fire company that allegedly served the driver alcoholic beverages prior to the accident, and he received a settlement from both. Defendant denied plaintiff's claim for SUM benefits, stating that coverage was exhausted by the recovery from both the driver and the fire company, prompting plaintiff to commence this action.

Supreme Court properly granted defendant's motion for summary judgment seeking, inter alia, to dismiss the complaint. Plaintiff does not dispute that the SUM coverage is properly reduced by the amount he recovered from the driver's insurer. He contends, however, that it was improper to reduce the SUM coverage from the amount he received from the fire company under its general liability insurance policy. We reject that contention. Condition 11 (e) of the SUM endorsement under defendant's policy provided that SUM coverage "shall not duplicate . . . any amounts recovered as bodily injury damages from sources other than motor vehicle bodily injury liability insurance policies or bonds." Here, the payment plaintiff received from the fire company's insurer was for bodily injury damages, and thus the amount of SUM benefits available to plaintiff was properly reduced by that amount (*see Weiss v Tri-State Consumer Ins. Co.*, 98 AD3d 1107, 1110-1111 [2012]).

Contrary to plaintiff's contention, the policy is not ambiguous and condition 11 does not conflict with condition 6 of the SUM endorsement (*see generally Dean v Tower Ins. Co. of N.Y.*, 19 NY3d 704, 708 [2012]; *White v Continental Cas. Co.*, 9 NY3d 264, 267 [2007]). Condition 6 provides that the maximum payment under the SUM endorsement is the difference between the SUM limit and any payments received from a motor vehicle bodily injury liability policy. It does not state that the difference is "the" SUM payment that is to be given to plaintiff, but rather it states that the difference is the "maximum" payment, which the average insured would understand to mean that it could be further reduced (*see generally Dean*, 19 NY3d at 708). Condition 6 and condition 11 together resulted in a reduction in the SUM benefits available by the total settlement received by plaintiff in his prior action. Present—Scudder, P.J., Smith, Centra, Whalen and DeJoseph, JJ.