# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1215**
**CA 15-00555**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, WHALEN, AND DEJOSEPH, JJ.

DANIEL REDEYE, PLAINTIFF-APPELLANT,

V                                                            MEMORANDUM AND ORDER

PROGRESSIVE INSURANCE COMPANY,
DEFENDANT-RESPONDENT.

CELLINO & BARNES, P.C., BUFFALO (GREGORY V. PAJAK OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

HURWITZ & FINE, P.C., BUFFALO (DAN D. KOHANE OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

-----------------------------------------------------------------------------------

Appeal from an order and judgment (one paper) of the Supreme
Court, Erie County (John F. O'Donnell, J.), entered November 7, 2014.
The order and judgment, inter alia, granted the motion of defendant
for summary judgment seeking, among other things, to dismiss the
complaint.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking
supplementary uninsured/underinsured motorist (SUM) benefits from
defendant, his motor vehicle liability insurer.  Plaintiff was a
pedestrian who was injured after a vehicle operated by a drunk driver
collided with a parked vehicle, which was propelled into plaintiff and
two other pedestrians.  Plaintiff commenced an action against the
driver of the vehicle as well as a fire company that allegedly served
the driver alcoholic beverages prior to the accident, and he received
a settlement from both.  Defendant denied plaintiff's claim for SUM
benefits, stating that coverage was exhausted by the recovery from
both the driver and the fire company, prompting plaintiff to commence
this action.

Supreme Court properly granted defendant's motion for summary
judgment seeking, inter alia, to dismiss the complaint.  Plaintiff
does not dispute that the SUM coverage is properly reduced by the
amount he recovered from the driver's insurer.  He contends, however,
that it was improper to reduce the SUM coverage from the amount he
received from the fire company under its general liability insurance
policy.  We reject that contention. Condition 11 (e) of the SUM
endorsement under defendant's policy provided that SUM coverage "shall
not duplicate . . . any amounts recovered as bodily injury damages

from sources other than motor vehicle bodily injury liability insurance policies or bonds." Here, the payment plaintiff received from the fire company's insurer was for bodily injury damages, and thus the amount of SUM benefits available to plaintiff was properly reduced by that amount (see *Weiss v Tri-State Consumer Ins. Co.*, 98 AD3d 1107, 1110-1111).

Contrary to plaintiff's contention, the policy is not ambiguous and condition 11 does not conflict with condition 6 of the SUM endorsement (see generally *Dean v Tower Ins. Co. of N.Y.*, 19 NY3d 704, 708; *White v Continental Cas. Co.*, 9 NY3d 264, 267). Condition 6 provides that the maximum payment under the SUM endorsement is the difference between the SUM limit and any payments received from a motor vehicle bodily injury liability policy. It does not state that the difference is "the" SUM payment that is to be given to plaintiff, but rather it states that the difference is the "maximum" payment, which the average insured would understand to mean that it could be further reduced (see generally *Dean*, 19 NY3d at 708). Condition 6 and condition 11 together resulted in a reduction in the SUM benefits available by the total settlement received by plaintiff in his prior action.

Entered: November 13, 2015

Frances E. Cafarell
Clerk of the Court