■ KATHERINE CRAFT, Appellant, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent. [59 NYS3d 183]—

Lynch, J. Appeal from an order of the Supreme Court (Cahill,

J.), entered September 15, 2016 in Ulster County, which granted defendant's motion for summary judgment dismissing the complaint.

In 1967, plaintiff and her husband, now deceased, built a home located at 7 Craft Lane in the Town of Saugerties, Ulster County (hereinafter the premises). On March 12, 2014, the premises were damaged in a fire. At that time, plaintiff's daughter-in-law was residing in the premises, which were insured under a contract of fire insurance issued by defendant. On March 26, 2014, defendant disclaimed coverage on the basis that plaintiff did not reside at the premises on March 12, 2014. Plaintiff commenced this action alleging, among other things, that defendant breached the insurance contract and that she was entitled to consequential damages. Following joinder of issue, Supreme Court granted defendant's motion for summary judgment dismissing the complaint. Plaintiff now appeals.

The policy at issue defines the "insured location" as the "resident premises." Relevant here, the term "resident premises" is defined as "[t]he one family dwelling where [the insured] reside[s]." As the party seeking to disclaim coverage, defendant bore the burden of "establishing that the exclusions or exemptions apply . . . and that they are subject to no other reasonable interpretation" (*Dean v Tower Ins. Co. of N.Y.*, 19 NY3d 704, 708 [2012] [internal quotation marks and citation omitted]; *see Pichel v Dryden Mut. Ins. Co.*, 117 AD3d 1267, 1268 [2014]). If a term is ambiguous, it should be construed against the insurer (*see Dean v Tower Ins. Co. of N.Y.*, 19 NY3d at 708; *Pichel v Dryden Mut. Ins. Co.*, 117 AD3d at 1268). Here, because the insurance policy does not define the term "reside," the term "residence premises" is ambiguous (*see Dean v Tower Ins. Co. of N.Y.*, 19 NY3d at 709). "The standard for determining residency for purposes of insurance coverage requires something more than temporary or physical presence and requires at least some degree of permanence and intention to remain" (*id.* at 708 [internal quotation marks and citations omitted]). A person can, however, have more than one residence for purposes of insurance coverage (*see Matter of Allstate Ins. Co. [Rapp]*, 7 AD3d 302, 303 [2004]; *Walburn v State Farm Fire & Cas. Co.*, 215 AD2d 837, 838 [1995]).

Here, in support of its motion for summary judgment, defendant relied primarily on the policy, the statement that plaintiff made to its adjuster on the morning of the fire and deposition testimony given by plaintiff and her fiancé. In the statement, which was sworn before a notary, plaintiff advised that she was "of 7 Craft Lane," that she owned the home since

1975, that she had built the home, had moved "about 9 years [prior to the fire] because [her] son wanted to live in the home . . . [s]o she rented it to him." Further, she stated that her son passed away in 2010 and her daughter-in-law has "lived at the [premises] since with [plaintiff's] grandchildren" and that "[plaintiff] live[d] about five miles away at [1st] Street in the Village of Saugerties with [her] fiancé." At her deposition in 2016, plaintiff testified that she began living with Stephen Salisbury on First Street approximately 8 to 10 years prior, and that, since then, her son and daughter-in-law lived at the premises with their children. Plaintiff changed her voter registration to the First Street address in 2006. After her son passed away in 2010, plaintiff returned to the premises to care for her grandchildren. In 2011, when plaintiff applied for a mortgage on the premises, she identified her "present address" as First Street and confirmed that she did not intend to occupy the premises as her primary residence.

Assuming, without deciding that defendant's submissions were sufficient to establish a prima facie basis for judgment as a matter of law (see Vela v Tower Ins. Co. of N.Y., 83 AD3d 1050, 1051 [2011]), we find that Supreme Court erred in awarding summary judgment to defendant because the record presents "some evidence, which we do not weigh, supporting both sides, and different inferences are permissible from the evidence" as to whether plaintiff resided at the premises at the time of the fire (see New York Cent. Mut. Fire Ins. Co. v Kowalski, 195 AD2d 940, 942 [1993]). Plaintiff testified that when she moved in to her fiancé's home on First Street, she did not intend to move out of the premises, located approximately 10 minutes away. Rather, she testified that she never "totally" moved out, had a key to the premises and kept furniture, personal items and some clothing there. She obtained a post office box for her mail, kept the premises as her address on her driver's license and testified that either the telephone or electric bill at the premises was in her name. In contrast, none of the utility bills at First Street were in her name. Although she could not recall exactly how often she returned to the premises, she slept there "quite a bit" primarily to care for the grandchildren and explained that she went back and forth between the two houses to give her son's family some privacy. During the six-month period preceding the fire, plaintiff estimated that she was at the premises "four, five, six times a month or more." Plaintiff's fiancé confirmed that plaintiff was "back and forth" between First Street and the subject premises "all the time." Although there seemed to be general agreement that she primarily went to the premises to

help and be with the grandchildren, plaintiff confirmed that, even if her grandchildren were not in the subject premises, she would have returned "periodically quite a bit" because it was her house and her "stuff was there."

In our view, it is "arguable that the reasonable expectation of an average insured" is that plaintiff's occupancy of the premises, coupled with her claim that she never fully left the premises, was enough to permit coverage pursuant to the terms of the policy (*Dean v Tower Ins. Co. of N.Y.*, 19 NY3d at 709). We do not agree that plaintiff's evidence constituted a feigned attempt to create a question of fact (*compare Vela v Tower Ins. Co. of N.Y.*, 83 AD3d at 1051). We are mindful that she signed a statement prepared by the adjuster on the morning of the fire that destroyed the home she had built with her husband for their family. That statement confirmed that she resided at First Street, but did not deny that she also resided at the premises for purposes of insurance coverage. In sum, we find the record presents questions of fact precluding summary judgment in this matter (*see Dean v Tower Ins. Co. of N.Y.*, 19 NY3d at 709).

We further find that Supreme Court should not have dismissed plaintiff's claim for consequential damages. "[C]onsequential damages resulting from a breach of the covenant of good faith and fair dealing may be asserted in an insurance contract context, so long as the damages were within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting" (*Panasia Estates, Inc. v Hudson Ins. Co.*, 10 NY3d 200, 203 [2008] [internal quotation marks and citation omitted]). "A defendant insurer moving for summary judgment dismissing a claim for consequential damages must make a prima facie showing that the damages sought were a type of damage not within the contemplation of the parties when they executed the insurance policy" (*Pandarakalam v Liberty Mut. Ins. Co.*, 137 AD3d 1234, 1236 [2016] [internal quotation marks and citation omitted]). Here, plaintiff alleged that she suffered damages resulting from loss of use of the premises, increased cost for repair and replacement of the premises and the loss of residential rental income as a result of defendant's bad faith in denying the claim. Defendant's arguments rely primarily on its position that plaintiff did not reside in the premises. For the foregoing reasons, we find that defendant has not met its burden of proof and note that such burden may not be met "by merely pointing to gaps in . . . plaintiff's case" (*id.* [internal quotation marks and citation omitted]).

McCarthy, J.P., Devine, Clark and Aarons, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.