Wickline v New York Cent. Mut. Fire Ins. Co. (2018 NY Slip Op 05253)





Wickline v New York Cent. Mut. Fire Ins. Co.


2018 NY Slip Op 05253


Decided on July 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 12, 2018

525999

[*1]ANDREW B. WICKLINE, Respondent,
v
NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant.

Calendar Date: June 8, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Clark and Pritzker, JJ.


Law Office of Keith D. Miller, Liverpool (Keith D. Miller of counsel), for appellant.
Harris Beach PLLC, Rochester (Svetlana K. Ivy of counsel), for respondent.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from an order of the Supreme Court (Coccoma, J.), entered May 26, 2017 in Otsego County, which denied defendant's motion for summary judgment dismissing the complaint.
Plaintiff purchased a homeowner's insurance policy from defendant in 2013. In February 2014, he discovered a crack in his basement wall and reported the issue to defendant. Defendant disclaimed coverage based on its engineer's conclusion that the damage was caused by, among other things, pressure from thawing and freezing ground water. Plaintiff retained a contractor to repair the damage and to improve ground water drainage on his property. During the course of this work, plaintiff discovered water had been leaking into the foundation fill from a "failed frost protected hose bib" located within the brick wall between the water supply and an outdoor spigot. Upon his engineer's opinion that it was water from that leak and not ground water that caused the damage, plaintiff requested that defendant reopen the claim. Defendant declined in continued reliance of its engineer's report.
Plaintiff commenced this action alleging breach of the insurance contract and to recover the cost of the work undertaken in response to defendant's engineer's report. Defendant moved for summary judgment, arguing that the unambiguous terms of the policy excluded coverage for the damage claimed. Supreme Court denied defendant's motion, and defendant now appeals.
"Before an insurance company is permitted to avoid policy coverage, it must satisfy the burden which it bears of establishing that the exclusion or exemptions apply in the particular case, and that they are subject to no other reasonable interpretation" (Dean v Tower Ins. Co. of N.Y., 19 NY3d 704, 708 [2012] [internal quotation marks, brackets and citations omitted]; see Superhost Hotels Inc. v Selective Ins. Co. of Am., 160 AD3d 1162, 1162 [2018]). Policy provisions "must be interpreted according to common speech and consistent with the reasonable expectation of the average insured," and "[a]mbiguities . . . are to be construed against the insurer" (Dean v Tower Ins. Co. of N.Y., 19 NY3d at 708 [internal quotation marks and citations omitted]; see Craft v New York Cent. Mut. Fire Ins. Co., 152 AD3d 940, 941 [2017]).
In support of its motion for summary judgment, defendant argued that its policy did not cover plaintiff's claim as a matter of law. The express terms of the policy provide that the "perils insured against" do not include loss "[c]aused by . . . [f]reezing, thawing, pressure or weight of water or ice
. . . to a . . . foundation . . . or any other structure or device that supports all or part of a building." Further, defendant asserts that even if the loss was "peril[] insured against," the policy excludes "loss caused directly or indirectly . . . regardless of any other cause or event contributing concurrently or in any sequence to the loss" by water. For purposes of this exclusion, the term "water" has four definitions, including, as relevant here, "[w]ater below the surface of the ground, including water which exerts pressure on, or seeps, leaks or flows through a building, . . . foundation . . . or other structure[,] . . . regardless of whether [the water] is caused by an act of nature or is otherwise caused."
We agree with Supreme Court's determination that there are factual questions precluding summary judgment dismissing plaintiff's cause of action for breach of the insurance agreement. Contrary to defendant's argument, the source of the water is a relevant factor in determining whether there is coverage for the damages claimed. As plaintiff argues, the policy provides that defendant will cover for losses caused by "freezing of a plumbing . . . system" where, as here, the insured has maintained heat in the premises. Moreover, although the policy provides that defendant does not provide coverage for a "bulging . . . foundation," there is an exception if the condition is caused by "an accidental discharge or overflow of water . . . from within a . . . [p]lumbing . . . system." Further, the policy provides that the "water damage" exclusion with regard to water below the surface is not applicable to such accidental discharges. If, as plaintiff claims, the water was not groundwater but a discharge from the plumbing system, it is our view that the policy can reasonably be read to encompass the loss involved here, which would obligate defendant to provide coverage (see Pioneer Tower Owners Assn. v State Farm Fire & Cas. Co., 12 NY3d 302, 308 [2009]; Pichel v Dryden Mut. Ins. Co., 117 AD3d 1267, 1271 n 3 [2014]).
Defendant also moves for summary judgment dismissing plaintiff's cause of action seeking consequential damages. The gravamen of plaintiff's claim is that if it were not for defendant's disclaimer incorporating the erroneous engineer's report, plaintiff would not have had to undertake extensive and expensive corrective work. Supreme Court determined that plaintiff's reliance on the disclaimer was "reasonable and justified" but that there were triable questions of fact.
"[I]n breach of contract actions[,] the nonbreaching party may recover general damages which are the natural and probable consequences of the breach" (Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y., 10 NY3d 187, 192 [2008] [internal quotation mark and citation [*2]omitted]). These general damages would include the cost to "repair the real property, to replace personal property and [the] loss of use of the insured premises" (Sweazey v Merchants Mut. Ins. Co., 169 AD2d 43, 45 [1991], lv dismissed 78 NY2d 1072 [1991]). "Special, or consequential damages, which do not so directly flow from the breach, are also recoverable in limited circumstances" (Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y., 10 NY3d at 192 [internal quotation marks and citation omitted]). In the context of a contract for insurance, such damages may be available if they were "within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting" (Panasia Estates, Inc. v Hudson Ins. Co., 10 NY3d 200, 203 [2008] [internal quotation marks and citations omitted]). Plaintiff maintains that he incurred significant and unnecessary expenses to repair a purported drainage problem. If, as defendant maintains, the damage was caused by groundwater pressure, the loss would be excluded and plaintiff would not be entitled to damages. Accordingly, we agree with Supreme Court's determination that there is a question of fact with regard to whether plaintiff is entitled to damages, whether general or consequential.
Finally, plaintiff's argument that he is entitled to recover consequential damages caused by defendant's negligent misrepresentations is raised for the first time on this appeal, and, as such, is not preserved for our review (see Bender v Peerless Ins. Co., 36 AD3d 1120, 1121 [2007]).
McCarthy, J.P., Egan Jr., Clark and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.