Finch v Erie Ins. Co. (2022 NY Slip Op 06851)

Finch v Erie Ins. Co.

2022 NY Slip Op 06851

Decided on December 1, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 1, 2022

534429
[*1]Craig Finch, Respondent,
v
Erie Insurance Company, Appellant, et al., Defendant.

Calendar Date:October 14, 2022

Before:Garry, P.J., Egan Jr., Clark, Ceresia and Fisher, JJ.

Rupp Baase Pfalzgraf Cunningham LLC, Buffalo (Marco Cercone of counsel), for appellant.
DeTraglia Law Office, Utica (Michele E. DeTraglia of counsel), for respondent.

Egan Jr., J.
Appeal from an order of the Supreme Court (Jeffrey A. Tait, J.), entered October 28, 2021 in Broome County, which, among other things, denied a cross motion by defendant Erie Insurance Company for summary judgment dismissing the complaint against it.
Plaintiff owns parcels of real property in Broome County, the relevant ones for our purposes being one on Kennedy Road (hereinafter the subject premises) and another on Bishop Road.[FN1] A single-family home was situated on the subject premises, while a second home was situated about 1,000 feet away on the Bishop Road property. The homeowner's insurance policy for the subject premises was procured through defendant Erie Insurance Company (hereinafter defendant) and named plaintiff as the insured.
A fire seriously damaged the subject premises on the evening of November 22, 2016. Plaintiff notified defendant of the loss, stating that warm ashes in a vacuum cleaner on the back porch had caused the fire, and the ensuing investigation conducted on defendant's behalf confirmed that the fire was accidental and had begun on the back porch. The investigator did not determine the cause of the fire, but could not rule out the vacuum cleaner. On December 6, 2017, defendant disclaimed coverage upon the grounds that plaintiff did not reside at the subject premises as required and that, by installing the pellet stove where the warm ashes had originated, he had substantially increased the hazards present there.
Plaintiff commenced this action in January 2018, alleging that defendant had breached the insurance contract by disclaiming coverage. Following joinder of issue and discovery, plaintiff moved for summary judgment. Defendant cross-moved for summary judgment dismissing the complaint against it, acknowledging that questions of fact existed as to whether the installation of the pellet stove materially increased the hazards at the subject premises but arguing that plaintiff was not entitled to coverage because he did not reside there as required. Supreme Court denied the motion and cross motion, and defendant appeals.
We affirm. Defendant, as the party seeking to disclaim coverage on the ground that plaintiff did not reside at the subject premises, "bore the burden of establishing that the exclusions or exemptions apply and that they are subject to no other reasonable interpretation" (Craft v New York Cent. Mut. Fire Ins. Co., 152 AD3d 940, 941 [3d Dept 2017] [internal quotation marks, ellipsis and citations omitted]). The policy provides coverage "for loss to . . . [plaintiff's] dwelling at the residence premises," with the latter term defined as "the dwelling where [plaintiff] reside[s]." What constitutes a residence is not defined in the policy and is therefore construed against defendant as the insurer, but it is well settled that residency "requires something more than temporary or physical presence and requires at least some degree of permanence and intention to remain" (Fiore v Excelsior Ins., 276 AD2d [*2]895, 896 [3d Dept 2000] [internal quotation marks and citation omitted], lv dismissed 96 NY2d 755 [2001]; see Dean v Tower Ins. Co. of N.Y., 19 NY3d 704, 708 [2012]; Cotillis v New York Cent. Mut. Fire Ins. Co., 158 AD3d 1030, 1031 [3d Dept 2018]). Of note, a person may have more than one residence for insurance purposes, and "[t]he question of whether a person resides in a given location is a fact-driven inquiry that depends on the totality of the circumstances" (Yaniveth R. v LTD Realty Co., 27 NY3d 186, 194 [2016] [internal quotation marks and brackets omitted]; see Cotillis v New York Cent. Mut. Fire Ins. Co., 158 AD3d at 1031).
To be sure, defendant came forward with proof suggesting that plaintiff did not reside at the subject premises, including that he had primarily lived at the Bishop Road property for almost a decade prior to the fire, that his sister resided at the subject premises in return for her making the mortgage payments and covering other expenses, and that he had expressed an intent to transfer ownership of the subject premises to her. Our review of the record nevertheless makes it clear that plaintiff continued to have significant connections to the subject premises, however, and that he gave conflicting accounts of what his actual plans were for it.
By way of example, plaintiff testified that the subject premises had been his parents' residence, that he was living there with them when he purchased it around 2001, and that it has consistently been occupied by either him or his family members. Plaintiff testified that he performed all maintenance and repairs at the subject premises while his sister was living there, as well as that he continued to both keep many personal belongings and receive mail there at the time of the fire. Plaintiff also made clear that he was at the subject premises every day for both maintenance and recreation reasons and that he could and did sleep there on occasion. Moreover, although plaintiff did testify that he aimed to transfer ownership of the subject premises to his sister once she paid off the mortgage, he also gave conflicting testimony in which he stated that he wanted to move back there after he "g[o]t [his] sister set," and he explained in an affidavit that his plan was to do so after rehabilitating the home on the Bishop Road parcel for his sister's use. As Supreme Court determined, plaintiff's family connections to the subject premises, his continued use of and presence at the subject premises, and his conflicting statements as to his future plans regarding the subject premises reveal questions of fact as to whether he satisfied the residency requirement of the insurance policy that preclude summary judgment on that point (see Dean v Tower Ins. Co. of N.Y., 19 NY3d at 708-709; Sosenko v Allstate Ins. Co., 155 AD3d 1482, 1483-1484 [3d Dept 2017]; Craft v New York Cent. Mut. Fire Ins. Co., 152 AD3d at 942-943).
Finally, to the extent that plaintiff argues that he is entitled to summary [*3]judgment on the issue of whether the installation of the pellet stove materially increased the hazards present at the subject premises, he failed to appeal from the order denying his motion for summary judgment in which he raised that issue. Defendant's appeal is expressly limited to the denial of its cross motion for summary judgment on the separate question of whether plaintiff resided at the subject premises, and it is well settled that a court's "authority to search the record and grant summary judgment to a nonmoving party . . . is limited to claims or issues raised and addressed by the moving party" (WFR Assoc. v Memorial Hosp., 14 AD3d 840, 841 [3d Dept 2005]; see Dunham v Hilco Constr. Co., Inc., 89 NY2d 425, 429-430 [1996]). Thus, under the circumstances of this case, we "cannot consider [plaintiff's] request for affirmative relief that is '[un]necessary to accord full relief to a party who has appealed'" (Champlain Gas & Oil, LLC v People of the State of New York, 185 AD3d 1192, 1195 [3d Dept 2020] [ellipsis omitted], quoting Hecht v City of New York, 60 NY2d 57, 60 [1983]; see Weimer v City of Johnstown, 249 AD2d 608, 611 [3d Dept 1998]; compare Miller v State of New York, 156 AD3d 1067, 1068 [3d Dept 2017]).
Garry, P.J., Clark, Ceresia and Fisher, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: Although the parcels both have mailing addresses in the City of Binghamton, Broome County, the record suggests that they are located in the Town of Chenango, Broome County.