Barney v Preferred Mut. Ins. Co. (2025 NY Slip Op 05585)

Barney v Preferred Mut. Ins. Co.

2025 NY Slip Op 05585

Decided on October 10, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, SMITH, OGDEN, AND HANNAH, JJ.

629 CA 24-00663

[*1]DANIEL E. BARNEY AND JULIE A. BARNEY, PLAINTIFFS-APPELLANTS,

v

PREFERRED MUTUAL INSURANCE COMPANY, DEFENDANT-RESPONDENT, ET AL., DEFENDANT.

LONGSTREET & BERRY, LLP, FAYETTEVILLE (MICHAEL J. LONGSTREET OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.

BRAND & TAPPLY, LLC, WELLESLEY, MASSACHUSETTS (EVA M. MICHAEL OF COUNSEL), FOR DEFENDANT-RESPONDENT.

Appeal from an order of the Supreme Court, Oswego County (Gregory R. Gilbert, J.), entered March 20, 2024. The order, insofar as appealed from, granted the motion of defendant Preferred Mutual Insurance Company insofar as it sought summary judgment dismissing the complaint against it.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs are the owners of real property on which are situated both their primary residence and a mobile home that they rented out to others. Plaintiffs maintained a homeowners insurance policy for their property with defendant Preferred Mutual Insurance Company (PMIC). After the mobile home was destroyed in a fire, plaintiffs filed a claim for coverage of the damage caused by the fire to the mobile home. PMIC denied coverage of plaintiffs' claim, and plaintiffs thereafter commenced this action alleging, inter alia, that the policy provided coverage for the mobile home located on their property and that PMIC had thus breached the terms of the policy when it failed to adjust or pay for the claim. Plaintiffs now appeal from an order that, among other things, granted that part of PMIC's motion seeking summary judgment dismissing the complaint against it on the basis that the mobile home was not covered under the insurance policy plaintiffs obtained for their property. We affirm.

Plaintiffs contend that the mobile home was entitled to coverage under the insurance policy and that Supreme Court thus erred in granting that part of PMIC's motion seeking summary judgment dismissing the complaint against it. We reject that contention. "In determining a dispute over insurance coverage, we first look to the language of the policy. We construe the policy in a way that affords a fair meaning to all of the language employed by the parties in the contract and leaves no provision without force and effect" (Raymond Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 5 NY3d 157, 162 [2005], rearg denied 5 NY3d 825 [2005] [internal quotation marks omitted]; see Fornino v New York Cent. Mut. Fire Ins. Co. [appeal No. 2], 218 AD3d 1192, 1193-1194 [4th Dept 2023], lv denied 41 NY3d 902 [2024]). The policy "must be interpreted according to common speech and consistent with the reasonable expectation of the average insured at the time of contracting, with any ambiguities construed against the insurer and in favor of the insured" (J.P. Morgan Sec. Inc. v Vigilant Ins. Co., 37 NY3d 552, 561 [2021], rearg denied 37 NY3d 1228 [2022] [internal quotation marks omitted]; see Dean v Tower Ins. Co. of N.Y., 19 NY3d 704, 708 [2012]; see also Lend Lease [US] Constr. LMB Inc. v Zurich Am. Ins. Co., 28 NY3d 675, 682 [2017]).

We conclude that PMIC met its initial burden on the motion of establishing that the unambiguous language of the policy did not extend coverage to the mobile home located on plaintiffs' property. The policy in effect at the relevant time provided that it "cover[s] the 'residence' on the 'insured premises' " as well as "related private structures on the 'insured premises' which are not attached to 'your' 'residence.' " The policy defines the "insured premises" as the "[d]escribed location" listed on the policy declaration and states that "[i]f 'you' own and reside in the 'residence' shown on the 'declarations' as the described location, the 'insured premises' means . . . that 'residence'; and . . . related private structures and grounds at that location."

Here, PMIC established that the mobile home was not part of the "insured premises" covered by the policy. There is no dispute that the mobile home was not plaintiffs' residence. Further, the mobile home does not constitute a "related private structure" at the insured location. Crucially, the mobile home's address is not listed on the policy declaration as part of the described location insured by the policy. Indeed, the policy declaration lists only the address of plaintiffs' primary residence as the described location, whereas the record is clear that plaintiffs obtained a separate address for the mobile home, that the mobile home is located on a separate road from plaintiffs' residence, and that the mobile home was served by separate utilities. Nor is the mobile home included on the policy endorsement for "related private structures"; the only additional structure listed in that part of the document is a "finished pole barn." It also bears noting that no part of the policy in effect at the time mentions the mobile home. In other words, nothing about the policy indicates that the mobile home is part of the insured premises.

We further conclude that, in opposition to PMIC's showing on the motion, plaintiffs did not raise any triable issues of material fact with respect to whether the mobile home was covered by the insurance policy (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). In light of our determination, plaintiffs' remaining contentions are academic.

Entered: October 10, 2025

Ann Dillon Flynn

Clerk of the Court