Rumsey, J.
 

 Appeal from that part of an order of the Supreme Court (Lebous, J.), entered September 27, 2016 in Broome County, which denied plaintiff’s cross motion for summary judgment against defendant Allstate Insurance Company.
 

 On January 15, 2014, plaintiff purchased a single-family home located in the Town of Vestal, Broome County (hereinafter the premises) and acquired a homeowner’s insurance policy from defendant Allstate Insurance Company (hereinafter defendant). After closing, plaintiff’s father commenced renovation of the premises, which were destroyed by fire on February 16, 2014. Defendant disclaimed coverage on the basis that plaintiff was not residing at the premises at the time of the loss. Plaintiff commenced this action for breach of contract and, after completion of discovery, moved for summary judgment against defendant. Supreme Court denied plaintiff’s motion and plaintiff now appeals.
 
 *
 

 The policy at issue defines the “insured premises” as including the “residence premises,” which are, in turn, defined as the single-family building structure “where [the insured] reside [s].” The term “residence premises” is ambiguous because “reside” is not defined in the policy (see Dean v Tower Ins. Co. of N.Y., 19 NY3d 704, 709 [2012]; Craft v New York Cent. Mut. Fire Ins. Co., 152 AD3d 940, 941 [2017]). To that point, the Court of Appeals has instructed that “[t]he standard for determining residency for purposes of insurance coverage requires something more than temporary or physical presence and requires at least some degree of permanence and intention to remain” (Dean v Tower Ins. Co. of N.Y., 19 NY3d at 708 [internal quotation marks and citations omitted]).
 

 In support of her motion for summary judgment, plaintiff submitted her deposition testimony, as well as that of her father and defendant’s claim investigator, Maurice Larrea. Plaintiff’s father testified that the premises had been unoccupied for at least two years prior to its acquisition by plaintiff and had no electrical service or running water, and the furnace was not functioning. Plaintiff’s father testified that he commenced renovation of the premises following closing by working there nearly every day and that he had succeeded in stripping the interior walls on both floors of the two-story house—a process that both plaintiff and her father described as generating significant dust and debris—and removing much of the existing wiring. He explained that he obtained electricity from a gasoline-powered generator, heated the premises with a wood stove located on the first floor and brought water to the premises that he stored in a tank. When she acquired the premises, plaintiff was residing with her father and, shortly before the fire, she had relocated to an apartment. Plaintiff testified that she slept at the premises on several occasions, an average of two to four nights per week, and that she intended for the premises to be her permanent residence once renovations were completed. During his deposition, Larrea testified that he obtained a statement from plaintiff shortly after the fire in which she stated that she was not living at the premises. In opposition to the motion, defendant submitted an affidavit from Larrea, who averred that when he interviewed plaintiff by telephone eight days after the fire, she stated that at the time of the fire that she was in the process of relocating from her father’s home to the apartment and, notably, that she had not been to the premises during the two weeks immediately preceding the fire and had stayed overnight at the premises only once.
 

 On this record, plaintiff’s summary judgment motion was properly denied. The Court of Appeals has held that evidence similar to the record in this case presented issues of fact regarding residency that precluded the grant of summary judgment (see Dean v Tower Ins. Co. of N.Y., 19 NY3d at 708-709). Moreover, as Supreme Court correctly held, the contradictory statements that plaintiff made regarding the extent of her own physical presence at the premises are alone sufficient to create an issue of fact that may not be resolved by summary judgment.
 

 Garry, J.P., Devine, Mulvey and Aarons, JJ., concur.
 

 Ordered that the order is affirmed, with costs.
 

 *
 

 Plaintiff did not appeal from that part of Supreme Court’s order that granted summary judgment dismissing the complaint against defendants Lounsbury Agency, Inc. and Aaron Lounsbury, the agency where plaintiff purchased the policy and its principal, respectively.